## Alexandria

STEPHEN MARK ASA

V.

COMMONWEALTH OF VIRGINIA

No. 0927-92-4

Decided February 22, 1994

COUNSEL

E. E. Sanders, Jr., for appellant.

Leah A. Darron, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—A jury convicted Stephen Mark Asa of enticing or soliciting a minor to perform in or be a subject of sexually explicit visual material as proscribed by Code § 18.2-374.1. Asa argues that the evidence was insufficient to sustain his conviction. We disagree and affirm the conviction.

I.

The evidence proved that Asa operated an entity called Creative Photography and Model Agency, which was located on the second floor of a townhouse building. In February 1991, a sixteen-year-old young woman responded to a Creative Photography advertisement in the newspaper. She made an appointment with Asa by telephone and went to his studio. Asa gave her a "Welcome" form in which he described himself as an agent for models and a talent scout. He asked her to complete a "modeling data sheet," which included personal information such as age, address, and modeling interests. She wrote on the form the requested personal information, including her age, physical measurements, and prior modeling experience.

Asa told the teenager that he had photographed models for department store advertisements and other catalogs. He explained that for $25 he would create a portfolio of her photographs to distribute to persons seeking models for their companies. He also mentioned to her the possibility that her photographs might be selected for a calendar project. Asa gave the teenager another appointment and told her to bring for use in the photographic session a business dress, jeans, a skirt, a bathing suit, and lingerie.

When the teenager returned on the appointed day, Asa photographed her in all the changes of clothing except her bathing suit.

Asa told her that he was preparing photographs for submission for a calendar project which would require nude shots. Asa told her that she had a nice figure and nice breasts and that she would be a good candidate for the calendar photographs. He said that he would position her arms, legs, and body so that her private parts would be blocked from view. He also stated that he would take silhouette shots so that only the outline of her body would be visible. Asa said that the photographs would provide an opportunity for other people to see her body figure in order to decide whether to choose her as a model for their company. When the teenager expressed reluctance and asked for time to consider the matter, Asa told her that he needed the photographs in about five days and that he could not schedule another photographic session because he was very busy. Asa told the teenager that she could receive $1,200 to $1,400 if her photographs were selected. She then disrobed and posed in the nude for a series of photographs.

After taking a series of photographs, Asa told the teenager that he would call her after the photographs were developed. When Asa failed to contact her, the teenager made numerous unsuccessful attempts to contact Asa by telephone. She later went to Asa's studio without an appointment. Asa spoke to her and showed her several photographs that he had taken in which she was clothed. He also showed her two photographs in which she was nude and positioned so that her breasts and genitalia were not exposed. Asa told her that the silhouette photographs had not printed because the film was defective.

Asa sold the teenager copies of photographs in which she was clothed for ten dollars. However, he refused to sell her the nude photographs and told her not to tell anyone about these photographs. He also told her she needed to lose weight if she wanted a job as a model.

The teenager became suspicious and contacted the police. Following the complaint, the police contacted the commercial film developer who printed the photographs and later obtained a search warrant for Asa's studio. During the search of Asa's studio, the police seized photographs which depict the teenager nude with her knees drawn up to her breasts and her genitals exposed. They also seized photographs of other nude, minor teenagers similarly positioned.

Over Asa's objection that the testimony of the other minors with similar experiences was irrelevant and impermissibly prejudicial, the trial judge ruled the Commonwealth could prove similar incidents in-

volving other minors. After that ruling, Asa and the Commonwealth stipulated facts summarizing the testimony of three seventeen-year-old young women. The stipulated testimony was read to the jury and established that several months before the sixteen-year-old teenage complainant was photographed by Asa, three other minor teenagers went to Asa's studio. They posed nude after Asa told them about a calendar project. Among the photographs Asa took of these three minor teenagers were photographs that depicted them nude with their breasts and genitalia exposed. The photographs were admitted as exhibits.

In his defense, Asa offered the testimony of a man who formerly had produced television commercials. He testified that Asa had referred three adult women to him as potential models for his video commercials. Asa had never shown him any photographs of nude persons. Asa also presented expert testimony to prove that a silhouette could be created from photographs by using computer imagery. The expert witness testified that his first contact with Asa occurred the evening before the trial.

On rebuttal, a police officer testified that no computer equipment was found in Asa's studio when the police entered to execute the search warrant. The officer also testified that no photographs seized from Asa's studio contained computer generated images and none contained computer generated silhouettes.

On this evidence, the jury found Asa guilty of violating Code § 18.2-374.1 and recommended that he be sentenced to serve nine years in prison. The trial judge imposed the recommended sentence.

## II.

A person is guilty of a felony if that person commits the following acts:

> Accosts, entices or solicits a person less than eighteen years of age with intent to induce or force such person to perform in or be a subject of sexually explicit visual material.

Code § 18.2-374.1(B)(1). Asa does not dispute that when he took the photographs of the teenager she was less than eighteen years of age. He denies, however, that the evidence proved any of the other elements of the offense.

The teenager testified that initially she was reluctant to pose in the nude. She testified that Asa prompted her to make an immediate decision and, as an inducement, offered her a chance to earn more than a thousand dollars if she would pose nude. As an additional inducement, Asa stated that her private parts would not be exposed in the photographs. That evidence was believed by the jury. Because the jury, as the trier of the facts, determined the credibility of the witnesses, *Robertson v. Commonwealth*, 12 Va. App. 854, 857, 406 S.E.2d 417, 419 (1991), and because the teenager's testimony was not incredible, we conclude that the evidence was sufficient to prove beyond a reasonable doubt that Asa enticed and solicited her to pose nude.

Sexually explicit visual material is statutorily defined to include "a . . . photograph . . . which depicts sexual bestiality, a lewd exhibition of nudity, as nudity is defined in [Code] § 18.2-390, or sexual excitement, sexual conduct or sadomasochistic abuse." Code § 18.2-374.1(A). Nudity is statutorily defined as "a state of undress so as to expose the human . . . female genitals, pubic area or buttocks with less than a full opaque covering, or the showing of the female breast with less than a fully opaque covering of any portion thereof below the top of the nipple." Code § 18.2-390(2).

It is well established that "nudity alone is not enough to make material legally obscene." *Jenkins v. Georgia*, 418 U.S. 153, 161 (1974). Several of the photographs that Asa produced depict the teenager standing nude with her feet together and her hands at her side. In those photographs, the teenager's breasts, buttocks, and genitals are pictured but are not the central focus of the photographs. Those photographs do not meet the statutory requirement of "sexually explicit visual material." *See Frantz v. Commonwealth*, 9 Va. App. 348, 354, 388 S.E.2d 273, 276 (1990).

Nude photographs are sexually explicit if they are "lewd." Code § 18.2-374.1. " 'Lewd' is a synonym of 'lascivious' and 'indecent.' " *Dickerson v. City of Richmond*, 2 Va. App. 473, 479, 346 S.E.2d 333, 336 (1986). This Court has also "defined 'lascivious' to mean 'a state of mind that is eager for sexual indulgence, desirous of inciting to lust or of inciting sexual desire and appetite.' " *Id.* (citations omitted).

Asa's photographs of the teenager in this case include photographs depicting her posing in a sexually provocative manner, with the camera's eye focused on her genitalia. Included in the seized photographs are close-up photographs depicting the teenager's genitalia as

the primary object depicted in the photograph. " 'Patently offensive representations or descriptions of . . . lewd exhibition of the genitals' are among the 'plain examples of what a state statute could define for regulation.' " *Freeman v. Commonwealth*, 223 Va. 301, 311, 288 S.E.2d 461, 466 (1982) (quoting *Miller v. California*, 413 U.S. 15, 25 (1973)). These photographs, which contain as their primary focus the close-up views of the teenager's genitalia, depict the teenager sitting with her knees up to her breasts and her legs widely spread to expose a frontal view of her genitalia. Those photographs are sexually explicit within the meaning of Code § 18.2-374.1. Accordingly, we affirm the convictions.

*Affirmed.*

Fitzpatrick, J., and Duff, S.J.,* concurred.

---

*Judge Charles H. Duff was appointed Senior Judge effective July 1, 1993, pursuant to Code § 17-116.01:1.