COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, Huff and Chafin
Argued at Alexandria, Virginia


QUYEN VINH PHAN LE

                                                 MEMORANDUM OPINION* BY
v.        Record No. 1711-13-4                   JUDGE TERESA M. CHAFIN
                                                 OCTOBER 21, 2014

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Brett A. Kassabian, Judge

Justin Daniel (Whitestone, Brent, Young, & Merril, P.C., on briefs),
for appellant.

Susan Baumgartner, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


At the conclusion of a four-day jury trial held in the Circuit Court of Fairfax County

("circuit court"), Quyen Vinh Phan Le ("Phan Le") was convicted of three counts of possession

of child pornography in violation of Code § 18.2-374.1:1.  On appeal, Phan Le challenges the

sufficiency of the evidence supporting his convictions.  Specifically, Phan Le argues that the

images he possessed depicting a nude seventeen-year-old girl were not "sexually explicit visual

material" under Code § 18.2-374.1 and, therefore, did not constitute child pornography.  For the

reasons that follow, we affirm Phan Le's convictions.

I.  BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

438, 443, 358 S.E.2d 415, 418 (1987)). So viewed, the evidence established that Phan Le operated a martial arts training school. C.K., the victim in the present case, began training with Phan Le when she was six or eight years old. She excelled in tae kwon do under Phan Le's coaching, and reached high levels of achievement in that discipline. When C.K. was sixteen or seventeen years old, she and Phan Le began having a sexual relationship.[1]

C.K. frequently participated in tae kwon do tournaments throughout the United States and in other countries, and Phan Le and C.K.'s mother traveled to these tournaments with her. In order to minimize travel expenses, Phan Le occasionally stayed in the same hotel room as C.K. and her mother. C.K. participated in a tournament in Florida in May of 2008 when she was seventeen years old. C.K. testified that she had to "cut weight" before this tournament to be able to participate in her weight class. After she arrived in Florida, C.K. engaged in a grueling process to help her lose water weight that involved running, starving, and sweating.

During the weight cutting process, Phan Le called C.K. into his hotel room and told her to take off her clothes. C.K. did so, and lay down on a bed. Phan Le then proceeded to create images using the camera on his cell phone of C.K. lying on the bed completely nude. When C.K. told Phan Le to stop, he told her he would ruin her life and threatened to show the images to others. While Phan Le did not instruct C.K. to lie down on the bed or otherwise tell her how to pose, he groped her breast during this process. After Phan Le finished creating the images, C.K. dressed, left the room, and continued to prepare for the tournament.

On October 26, 2011, officers from the Fairfax County Police Department seized two laptop computers from Phan Le's home. Upon forensic analysis, detectives discovered nude images of C.K. on both computers. Two images depicted C.K. lying on a bed completely nude, with her genitalia and breasts fully exposed. One of these images, introduced at trial as

---

[1] Phan Le was thirty-six or thirty-seven years old at this time.

Commonwealth's Exhibit 1, was taken from a closer distance than the other, and it clearly showed C.K.'s face. The other image, introduced at trial as Commonwealth's Exhibit 2, showed C.K.'s entire body. While her face was visible in this image, the image focused on C.K.'s genitalia and body. C.K.'s legs were slightly spread in this image. A third image, introduced at trial as Commonwealth's Exhibit 3, showed C.K. sitting up on the bed. Like the other two images, it depicted C.K. completely nude. Unlike the other images, however, it was taken from the side of the bed and therefore provided a side view of C.K. rather than a frontal view of her. C.K.'s legs were spread to an even greater degree in this image, with one of her feet extending off the edge of the bed.

At trial, Phan Le made a motion to strike at the close of the Commonwealth's evidence and argued that the images of C.K. did not constitute sexually explicit visual material or child pornography. The circuit court denied Phan Le's motion, placing emphasis on the sexual relationship between C.K. and Phan Le at the time the images were created and the fact that Phan Le groped C.K.'s breast while creating the images. Phan Le then put on defense evidence. At the close of all evidence, Phan Le made another motion to strike based on the same argument. The circuit court again denied his motion. The jury convicted Phan Le of three counts of possession of child pornography, and he appealed his convictions to this Court.

## II. ANALYSIS

On appeal, Phan Le contends that the circuit court erred by denying his motion to strike because the evidence failed to establish that the images he possessed were child pornography. When considering the sufficiency of the evidence on appeal, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002); see also McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261

- 3 -

(1997) (*en banc*). Under this standard, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 662, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). It asks instead whether "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson, 443 U.S. at 319). We do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

Phan Le argues that the images of C.K. did not constitute sexually explicit visual material and, therefore, were not child pornography. Code § 18.2-374.1(A) defines "child pornography" as "sexually explicit visual material which utilizes or has as a subject an identifiable minor."[2] That same section defines "sexually explicit visual material" to include "a picture, photograph . . . [or] digital image . . . which depicts . . . a lewd exhibition of nudity, as nudity is defined in [Code] § 18.2-390." Code § 18.2-390 defines "nudity" as "a state of undress so as to expose the human male or female genitals, pubic area or buttocks with less than a full opaque covering."

"It is well established that 'nudity alone is not enough to make material legally obscene.'" Asa v. Commonwealth, 17 Va. App. 714, 718, 441 S.E.2d 26, 29 (1994) (quoting Jenkins v. Georgia, 418 U.S. 153, 161 (1974)). Nude images are only "sexually explicit visual material" as that term is defined by Code § 18.2-374.1 if they are "lewd." Id. "'Lewd' is a

---

[2] The definition of "identifiable minor" includes "a person who was a minor at the time the visual depiction was created." Code § 18.2-374.1(A). Phan Le conceded that C.K. was seventeen years old at the time he created the images in question.

synonym of 'lascivious' and 'indecent.' This Court has . . . defined 'lascivious' to mean 'a state of mind that is eager for sexual indulgence, desirous of inciting to lust or of inciting sexual desire and appetite.'" Id. (quoting Dickerson v. City of Richmond, 2 Va. App. 473, 479, 346 S.E.2d 333, 336 (1986)).

Images depicting mere nudity coupled with additional circumstances may constitute "lewd exhibitions of nudity" and "sexually explicit visual material." In Asa, this Court addressed a series of photographs depicting a nude teenage girl. See id. This Court held that close-up photographs primarily focused on the teenager's genitalia constituted lewd exhibitions of nudity. See id. This Court also found that a sexually provocative pose designed to maximize the view of the teenager's genitalia contributed to the lewdness of the photographs. See id. (addressing a pose in which the victim sat with her knees drawn up to her breasts "with her legs widely spread to expose a frontal view of her genitalia").[3]

In general, however, mere nudity, without more, is not a "lewd exhibition of nudity." See Foster v. Commonwealth, 6 Va. App. 313, 329, 369 S.E.2d 688, 698 (1988) ("[T]he photographing of exposed nipples, while within the literal definition of nudity under Code § 18.2-390, is not, without more, the *lewd* exhibition of nudity . . . ."); Frantz v. Commonwealth, 9 Va. App. 348, 353-54, 388 S.E.2d 273, 276 (1990) (photographs of nude boys "just standing there" did not depict lewd exhibitions of nudity). While this Court held in Asa that close-up

_____

[3] This Court also held that images depicting nudity coupled with additional circumstances constituted sexually explicit visual material in Bliss v. Commonwealth, No. 1411-13-3, 2014 Va. App. LEXIS 177 (Va. Ct. App. May 13, 2014), and Kellison v. Commonwealth, No. 0269-10-2, 2010 Va. App. LEXIS 455 (Va. Ct. App. Nov. 23, 2010). In Bliss, this Court held that an image depicting a close-up view of a seventeen-year-old girl's genitalia being manipulated by her hand constituted sexually explicit visual material. Bliss, 2014 Va. App. LEXIS, at *10-11. In Kellison, this Court held that images displaying a seventeen-year-old girl's breasts in a "relatively sultry pose" constituted lewd exhibitions of nudity. Kellison, 2010 Va. App. LEXIS, at *4-7. While these unpublished decisions have no precedential value, we cite them here as informative decisions pursuant to Rule 5A:1(f).

photographs focusing on the teenage girl's genitalia were lewd exhibitions of nudity, it held that photographs depicting the girl "standing nude with her feet together and her hands at her side" did not meet the "statutory requirement of 'sexually explicit visual material.'" Asa, 17 Va. App. at 718, 388 S.E.2d at 29. In reaching this decision, this Court noted that, while the girl's "breasts, buttocks, and genitals" were pictured, they were not the "central focus of the photographs." Id.

The circumstances of the present case support the jury's determination that the images of C.K. displayed lewd exhibitions of nudity. C.K. was not merely standing nude in the images. The three images on which Phan Le's convictions were based depict C.K. lying and sitting on a bed, a sexually suggestive setting. All three of these images depict both C.K.'s breasts and her genitalia, with each image displaying a view from a different angle. More importantly, the series of images depicts a progression of C.K.'s legs gradually being spread. C.K.'s legs are spread in two of the images in a manner that could reasonably be interpreted as a provocative sexual pose. One of the images depicting C.K. lying on the bed is taken from a closer perspective so that it clearly shows her face, breasts, and genitalia. The other image showing C.K. lying on the bed is taken from farther away, and focuses on her body and genitalia. Notably, C.K.'s genitalia is positioned in the center of this image and her legs are slightly spread. The third image is taken from the side of the bed, and displays a side view of C.K.'s breasts, genitalia, and body. Her legs are spread to an even greater degree in this image, with one of her feet extending off the edge of the bed.

Additionally, the context of this case implies that the images were created with a lascivious intent. C.K. was seventeen years old when the images were created, but she testified that she began a sexual relationship with Phan Le when she was sixteen or seventeen years old. Accordingly, the jury could infer that C.K. was in a sexual relationship with Phan Le when he

created the images in question. Phan Le's sexual relationship with C.K. implied that he created the images for his own sexual arousal and gratification. This implication was further supported by the evidence that Phan Le groped C.K.'s breast as he created the images.[4] Under these circumstances, a reasonable factfinder could infer that Phan Le created the images with a lascivious intent. The images in question were created for the purpose of inciting lust and sexual desire, and Phan Le's lascivious intent in creating the images provided additional support for the jury's determination that they depicted lewd exhibitions of nudity.

In conclusion, we hold that a rational trier of fact could have found the essential elements of the charged offenses beyond a reasonable doubt. Based on the evidence presented at trial, a reasonable fact finder could conclude that the images of C.K. depicted lewd displays of nudity that made them sexually explicit visual material and, therefore, child pornography. The images portrayed C.K.'s breasts and genitalia from different angles while she was lying and sitting on a bed in a somewhat provocative pose. The images also depicted a progression of C.K.'s legs gradually being spread. Further, the sexual relationship between Phan Le and C.K. implied that

---

[4] We note that this Court previously held that a photographer's sexual arousal while taking photographs of nude children was irrelevant to the determination of whether those photographs depicted lewd exhibitions of nudity. See Frantz, 9 Va. App. at 353-54, 388 S.E.2d at 276. In Frantz, a photographer removed his clothing and masturbated while taking photographs of nude boys. Id. at 351, 388 S.E.2d at 275. The present case is distinguished from Frantz by the sexual relationship between Phan Le and C.K. The photographer in Frantz was not engaged in an ongoing sexual relationship with the boys that he photographed. He hired young boys to do chores at his photography development business then offered to pay them to model nude in his photographs. Id. at 350-52, 388 S.E.2d at 274-75. Additionally, we note that the photographs at issue in Frantz were not admitted into evidence in that case and therefore were not viewed by the factfinder. Id. at 352, 388 S.E.2d at 276. In the present case, the jury and circuit court actually viewed the images of C.K. when determining whether they constituted lewd exhibitions of nudity, and their factual determinations based on these images are entitled to a high degree of deference on appeal.

Phan Le created the images with a lascivious intent.  For these reasons, we affirm the circuit court's decision.

Affirmed.