COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Beales and AtLee
Argued at Richmond, Virginia

DONALD JAMAR JOHNSON

v.        Record No. 2089-17-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE RANDOLPH A. BEALES
JANUARY 15, 2019

FROM THE CIRCUIT COURT OF HENRICO COUNTY
James S. Yoffy, Judge

Linda R. Scott (Linda R. Scott, PLC, on brief), for appellant.

Brittany A. Dunn-Pirio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief) for appellee.


Donald Johnson was convicted of pandering and of sex trafficking to receive money, and

was sentenced to a total of twenty years of incarceration with thirteen years suspended.  In this

appeal, he challenges the sufficiency of the evidence for both convictions and alleges the trial

court abused its discretion in its sentencing.

I.  BACKGROUND

"Under familiar principles of appellate review, we will state 'the evidence in the light

most favorable to the Commonwealth, the prevailing party in the trial court, and will accord the

Commonwealth the benefit of all reasonable inferences fairly deducible from that evidence."

Sidney v. Commonwealth, 280 Va. 517, 520 (2010) (quoting Murphy v. Commonwealth, 264

Va. 568, 570 (2002)).

S.B., who admitted that she was a prostitute, testified that she had known Johnson (whom

she identified at trial as "Soprano") for approximately seven years.  She testified that on

November 14, 2016, Johnson drove her and E.E., another woman, from Charlotte, North

Carolina to Richmond, Virginia. Once the three arrived at a Best Western hotel in Henrico County, S.B. posted an advertisement on Backpage.com advertising her prostitution services. She discussed the advertisement with Johnson, who sat next to her as she used her cell phone to post the advertisement. She subsequently engaged in prostitution with five or six "clients." S.B. testified at trial that, after each client paid her, she placed the money she had been paid in the Bible that was located in the hotel room. After S.B. placed cash in the Bible, Johnson entered the hotel room and retrieved the cash. She admitted at trial that she had worked as a prostitute before she met Johnson – and that she continued to work as a prostitute without Johnson's help after he was incarcerated.

As part of "Operation Innkeeper," Officer Robert Woodburn of the Henrico County Police responded to S.B.'s Backpage advertisement via text message. Woodburn was directed to the Best Western hotel. Officer Tony Rose of the Henrico County Police arrived at the specified Best Western hotel in an unmarked vehicle and in plainclothes. Rose was met in the parking lot by E.E., who escorted him to room 427, where he encountered S.B., who was completely naked, and a male who was partially dressed. Rose identified himself as a police officer and detained the male, S.B., and E.E. Inside the room were clothes and a used condom on the floor, as well as wet wipes and packages of condoms. Police also discovered cash inside of a Bible in the nightstand. After being arrested, S.B. informed the police that her pimp was in room 430 of the Best Western and that his white Mercedes was in the hotel parking lot.

When the police arrested Johnson in room 430, they found $2,010 in the room – as well as an additional $1,900 cash on him. The police also conducted a search of Johnson's Mercedes, pursuant to a warrant. In the Mercedes, police found, among other things, a bill of sale for the Mercedes to Johnson, condoms (of the same brand and type found in room 427), and a purse containing an ID and other items belonging to E.E.

- 2 -

At trial, Johnson denied taking or receiving money from S.B. He testified that he "had no real dealings" with S.B. and only gave S.B. a ride from North Carolina to Virginia because he and E.E. were making the trip together and E.E. "was the one that brought along" S.B. He testified that he was staying in room 430, where the police found him, at the invitation of a friend and denied that the $2,010 in cash found in the room belonged to him, stating he did not know who was the owner of that cash.

Johnson was charged with and convicted of pandering, pursuant to Code § 18.2-357, and of sex trafficking to receive money, pursuant to Code § 18.2-357.1. Johnson was subsequently sentenced to ten years in prison with six years suspended for pandering and to ten years with seven years suspended for sex trafficking – for a total sentence of twenty years – with thirteen years suspended.

## II. ANALYSIS

### A. Sufficiency of the Evidence

"Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330 (2004), we are required to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom," Bowman v. Commonwealth, 290 Va. 492, 494 (2015) (quoting Kelley v. Commonwealth, 289 Va. 463, 467-68 (2015)). When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "We must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Kelly v.

Commonwealth, 41 Va. App. 250, 257 (2003) (*en banc*)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

The trial judge explicitly recognized that this case turns upon "a credibility issue." The trial judge stated, "Either I believe [S.B.] and if I do, the Defendant is guilty. And if I don't, then the Defendant is not guilty." The trial judge went on to state twice that he found S.B.'s testimony to be "very credible." Considering the totality of the circumstances and giving the trial court proper deference on appeal, we cannot say that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Crowder, 41 Va. App. at 663. Although much of Johnson's testimony conflicts with that of S.B., when such conflicts in evidence occur, we on appeal are to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth . . . ." Bowman, 290 Va. at 494.

Concerning the charge for pandering, Code § 18.2-357 states, in part:

> Any person who shall knowingly receive any money or other valuable thing from the earnings of any male or female engaged in prostitution, except for a consideration deemed good and valuable in law, shall be guilty of pandering, punishable as a Class 4 felony.

The Commonwealth's evidence shows that Johnson discussed with S.B. an advertisement for prostitution and sat next to her while she posted the advertisement online. The evidence also shows that, on multiple occasions on November 14, 2016, Johnson entered S.B.'s hotel room and retrieved money that S.B. placed in a Bible – money that S.B. had earned from engaging in prostitution. The evidence further shows that, later in the evening, the police found Johnson in the room where S.B. told police they would find her pimp. In addition, the police found Johnson to have $1,900 in cash on his person and to have an additional $2,010 cash in the room in which

- 4 -

he was staying. We hold that, given all of this evidence, a rational fact finder could certainly conclude beyond a reasonable doubt that Johnson knowingly received money from a woman engaged in prostitution.

Concerning the charge for sex trafficking, Code § 18.2-357.1 states, in part:

> A. Any person who, with the intent to receive money or other valuable thing or to assist another in receiving money or other valuable thing from the earnings of a person from prostitution or unlawful sexual intercourse in violation of subsection A of § 18.2-346, solicits, invites, recruits, encourages, or otherwise causes or attempts to cause a person to violate subsection A of § 18.2-346 is guilty of a Class 5 felony.

In addition to the evidence cited *supra* regarding pandering, there is also evidence that Johnson drove S.B. to Richmond, Virginia from Charlotte, North Carolina before assisting her in drafting her advertisement for prostitution. Given the totality of the evidence present in the record, a rational fact finder could conclude beyond a reasonable doubt that Johnson, with the intent to receive money, at the very least encouraged – if not solicited, invited, recruited, or otherwise caused – S.B. to engage in prostitution.

In his brief and at oral argument, Johnson tries to distinguish this case from the only prior precedent for a conviction under this relatively new statute – Carr v. Commonwealth, 69 Va. App. 106 (2018). Johnson argues that, in that case, Carr exerted extensive control over the victim as well as used violence and threats of violence against her, while in the case now before us, the evidence does not show that Johnson used violence or threats of violence against S.B. While that particular distinction may be true, it is a distinction that has no bearing on the conviction at issue here. It is clear from the text of Code § 18.2-357.1(A) that threats of violence or actual use of violence are not necessary elements for a conviction under subsection (A) of the statute. While a violation of subsection (A) of the statute that is quoted *supra* – and which does

not mention violence or threats – constitutes a Class 5 felony, subsection (B) provides that use of force or intimidation elevates the offense to a Class 4 felony:

> B. Any person who violates subsection A through the use of force, intimidation, or deception is guilty of a Class 4 felony.

Code § 18.2-357.1(B). In short, a conviction under Code § 18.2-357.1(A) does not require the element of force, intimidation, or the threat of force or violence while a conviction under subsection (B) does. Furthermore, the fact that S.B. was engaged in prostitution before she met Johnson and continued to engage in prostitution after he was incarcerated does not change the fact that he solicited, invited, recruited, encouraged or otherwise caused her to engage in prostitution after she met him – and does not change the fact that she was travelling with him to Virginia. The statute does not require the accused to have been the sole cause or the original cause for the person to engage in prostitution.

Therefore, considering the totality of the circumstances, we certainly cannot say that no rational trier of fact would have found Johnson guilty beyond a reasonable doubt of pandering and of sex trafficking.

### B. Abuse of Discretion in Sentencing

Johnson also contends that the trial court abused its discretion by sentencing Johnson to a seven-year active term in prison because the trial court "ignored the mitigation offered by the defense" and imposed a sentence "twice the high period of incarceration recommended by the guidelines . . . ."

Rule 5A:18 clearly states, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." In reviewing the record before us on appeal, we find that Johnson failed to timely object to the sentence, to file a motion to set aside the verdict, or to file a motion to reconsider. We hold,

- 6 -

therefore, that Johnson has not preserved this issue for consideration on appeal. Consequently, we do not reach the merits of Johnson's argument, although we note that the ten-year sentence imposed for each conviction did not exceed the statutory maximum sentence imposed by Code §§ 18.2-357 and 18.2-357.1.

## III. CONCLUSION

In short, given the totality of the evidence here, we certainly cannot say that no rational fact finder could find that there was sufficient evidence to satisfy the required elements for convictions under Code § 18.2-357 and Code § 18.2-357.1. Concerning Johnson's contention that the trial court abused its discretion in imposing a longer sentence than that recommended by the sentencing guidelines, we find that Johnson failed to adequately preserve that issue for appeal and, consequently, it is procedurally barred from consideration on the merits by Rule 5A:18.

Therefore, for these reasons, we affirm appellant's convictions and sentencing by the circuit court.

Affirmed.