COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, O'Brien and AtLee
Argued at Norfolk, Virginia

**PUBLISHED**

DUSTIN ALLAN ELE, SR.

OPINION BY
v.        Record No. 1602-18-1        JUDGE MARY GRACE O'BRIEN
JULY 16, 2019

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Timothy S. Fisher, Judge

Christopher P. Reagan (Goldstein, Edgar, Reagan, on brief), for
appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Following a bench trial, Dustin Allan Ele, Sr. ("appellant") was convicted of four felonies:

two counts of producing child pornography, in violation of Code § 18.2-374.1; aggravated sexual

battery, in violation of Code § 18.2-67.3(A)(1); and indecent liberties, in violation of Code

§ 18.2-370(A).[1]  Appellant contends that the evidence was insufficient to convict him of two of the

offenses.  First, he asserts that the court erred in convicting him of producing child pornography "as

a result of [his] activity of July 31, 2015, where the child that was the subject of the video slept

undisturbed during the incident" and "was clothed during the filming."  Second, appellant contends

that the court erred in convicting him of indecent liberties because "the child was asleep during the

period of time [when he] was exposing himself to her."  For the following reasons, we affirm

appellant's convictions.

---

[1] Appellant also pled guilty to one hundred counts of possession of child pornography, in
violation of Code § 18.2-374.1:1.  He does not appeal those convictions.

BACKGROUND

On April 1, 2016, Michael Brown, a Virginia State Police Special Agent assigned to the Northern Virginia/DC crimes against children task force, executed a search warrant at appellant's residence. Special Agent Brown found video recordings and still images on an external hard drive attached to appellant's personal computer. The videos and images, admitted into evidence as Commonwealth's Exhibits Six and Seven, were taken by appellant during a one-hour time period between the night of July 31, 2015, and the early morning of August 1, 2015. They depict a series of events involving M.G., a nine-year-old girl who was friends with appellant's children and who spent that night at appellant's apartment. Exhibit Six contained four videos and numerous still images taken on July 31, 2015, and Exhibit Seven contained nine videos and numerous still images from August 1, 2015.

M.G. and appellant's daughter were asleep on the living room floor when appellant recorded the videos and took the pictures. Exhibit Six included a video that depicts appellant walking around the room masturbating while the children slept. A number of times, appellant focused the camera on a children's television show that was playing and children's toys in the corner of the room. He then filmed himself masturbating near M.G.'s face, ejaculating into her hair, and touching her face with his penis. M.G. stirred but did not wake up.

Exhibit Six also included a still image of appellant pressing his penis against M.G.'s foot and multiple close-up pictures of M.G.'s sleeping face. Another picture shows appellant holding his penis near M.G.'s leg with ejaculate on her thigh. Appellant's daughter, also asleep, is visible in some of the videos.

In Exhibit Seven, from August 1, 2015, the visual material shows M.G. still asleep with her shorts tucked up at the top of her legs. One video depicts appellant moving M.G.'s underpants

slightly. He then took pictures of M.G.'s genitals and his penis, and he filmed himself masturbating near the child while she slept.

At the conclusion of the evidence, appellant moved to strike the production of child pornography charge from July 31, 2015. He argued that because M.G. was "not nude in the video . . . from July 31," the contents of Exhibit Six did not meet the statutory definition of child pornography. He also moved to strike the indecent liberties charge and contended that because the child was asleep while he filmed, the evidence was insufficient to establish that he "exposed" himself to her in violation of Code § 18.2-370(A)(1). Appellant did not move to strike the August 1, 2015 production of child pornography charge or the aggravated sexual battery charge. The court denied appellant's motions and convicted him of all four charges. This appeal followed.

DISCUSSION

A. Standard of Review

When the sufficiency of the evidence to support a conviction is challenged on appeal, this Court must "consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial." Williams v. Commonwealth, 49 Va. App. 439, 442 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672 (2004)). "The trial court's judgment should be affirmed unless it appears that it is plainly wrong or without evidence to support it." Terlecki v. Commonwealth, 65 Va. App. 13, 19 (2015) (quoting Spencer v. Commonwealth, 238 Va. 275, 283 (1989)). "An appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Jackson, 443 U.S. at 319).

Resolution of appellant's assignments of error also requires statutory interpretation, which this Court conducts *de novo*. Commonwealth v. Amos, 287 Va. 301, 305 (2014); McMillan v. Commonwealth, 55 Va. App. 392, 396-97 (2009) (*en banc*).

### B. Production of Child Pornography

The court convicted appellant of producing child pornography, in violation of Code § 18.2-374.1(B)(2). The statute defines "child pornography" as "sexually explicit visual material which utilizes or has as a subject an identifiable minor." Code § 18.2-374.1(A).

"Sexually explicit visual material" includes

> a picture, photograph, . . . motion picture film, digital image, . . . or similar visual representation which depicts . . . a lewd exhibition of nudity, as nudity is defined in [Code] § 18.2-390, or sexual excitement, sexual conduct or sadomasochistic abuse, as also defined in [Code] § 18.2-390.

Id.

The statutory definition of "nudity" is

> a state of undress so as to expose the human male or female genitals, pubic area or buttocks with less than a full opaque covering, . . . or the depiction of covered or uncovered male genitals in a discernibly turgid state.

Code § 18.2-390(2). "Lewd" is not defined by statute, but this Court has described it as a "synonym of 'lascivious' and 'indecent.'" Asa v. Commonwealth, 17 Va. App. 714, 718 (1994) (quoting Dickerson v. City of Richmond, 2 Va. App. 473, 479 (1986)). "Lascivious" describes "a state of mind that is eager for sexual indulgence, desirous of inciting to lust[,] or of inciting sexual desire and appetite." Id. (quoting Dickerson, 2 Va. App. at 479).

Appellant contends that Exhibit Six does not constitute child pornography because M.G. was clothed in the videos and still images. However, nothing in Code § 18.2-374.1(A) requires that the "lewd exhibition of nudity" depict *child* nudity. The definition of nudity in Code § 18.2-390(2) includes "the depiction of covered or uncovered male genitals in a discernibly turgid state." Exhibit

- 4 -

Six satisfies this definition. Appellant filmed himself masturbating and ejaculating on M.G. Moreover, by using the sleeping child for his sexual gratification, appellant demonstrated "a state of mind that [was] eager for sexual indulgence." Asa, 17 Va. App. at 718. Therefore, regardless of whether M.G. was clothed in Exhibit Six, the visual images are sexually explicit because they depict lewd exhibitions of nudity by appellant.

The visual images in Exhibit Six also depict appellant's "sexual excitement" and "sexual conduct" as those terms are defined by statute. Code § 18.2-390(4) defines sexual excitement as "the condition of human male or female genitals when in a state of sexual stimulation or arousal." Code § 18.2-390(3) defines sexual conduct as "actual or explicitly simulated acts of masturbation . . . or physical contact in an act of apparent sexual stimulation or gratification with a person's clothed or unclothed genitals." These definitions do not require nudity or exposure of one's genitals at all, much less nudity of the child victim. See Sandoval v. Commonwealth, 64 Va. App. 398, 415-16 (2015) (noting that the definition of sexual conduct in Code § 18.2-390 refers to "*clothed* or unclothed genitals" and therefore sexually explicit visual materials do not require nudity or exposure). Exhibit Six, showing appellant masturbating until he ejaculated on M.G., unequivocally meets these statutory definitions.

Appellant relies on Foster v. Commonwealth, 6 Va. App. 313 (1988), to support his contention that the Commonwealth must prove that the child who is the subject of the sexually explicit visual material was nude. However, his reliance is misplaced. In Foster, we reversed a conviction for soliciting a minor "to perform in or be a subject of sexually explicit visual material." Id. at 328 (quoting former Code § 18.2-374.1(B)(1)).[2] We held that "photographs of [the child] in her bathing suit are not depictions of sexually explicit visual material." Id. However, we reversed

---

    [2] Like the current statute, former Code § 18.2-374.1 defined "sexually explicit visual material" to include a "lewd exhibition of nudity," "sexual excitement," or "sexual conduct." Foster, 6 Va. App. at 326.

the conviction not because the child was clothed in the photographs, but because the photographs did not depict sexual conduct, sexual excitement, or a lewd exhibition of nudity. See id. Here, although M.G. was clothed, the visual images in Exhibit Six were sexually explicit because they depicted appellant's sexual conduct, sexual excitement, and lewd exhibition of nudity. Therefore, Foster is factually distinct and does not require evidence of child nudity to prove that visual material is sexually explicit for a conviction under Code § 18.2-374.1.

The sexually explicit visual material in Exhibit Six is child pornography because it "utilizes or has as a subject an identifiable minor." Code § 18.2-374.1(A). During his motion to strike, appellant acknowledged that "[t]he subject is the child, obviously." His assignment of error also refers to M.G. as "the child that was the subject of the video." We agree the evidence was sufficient to establish that M.G. was the "subject" of the visual material in Exhibit Six. The images included many close-up pictures of appellant's penis near M.G.'s body, and she was the primary focus of his sexual activity.

By arguing that a conviction requires nudity of the "subject" child, appellant is asking this Court to add words to the statute. However, appellate courts "must . . . assume that the legislature chose, with care, the words it used when it enacted the relevant statute." Barr v. Town & Country Props., Inc., 240 Va. 292, 295 (1990). To require child nudity for a conviction under Code § 18.2-374.1 would impermissibly rewrite the statute. See Coles v. Commonwealth, 44 Va. App. 549, 557 (2004) ("[Courts] are not permitted 'to add or to subtract from the words used in the statute'" (quoting Posey v. Commonwealth, 123 Va. 551, 553 (1918))). See also Anderson v. Commonwealth, 182 Va. 560, 566 (1944) ("Courts are not permitted to rewrite statutes. This is a legislative function.").

The General Assembly enacted Code § 18.2-374.1 to protect minors by criminalizing child exploitation resulting from the production of sexually explicit visual material "which utilizes or has

as a subject" a child. See Osborne v. Ohio, 495 U.S. 103, 109 (1990) (affirming ban on child pornography due to state's compelling interest in "safeguarding the physical and psychological well-being of a minor" (quoting New York v. Ferber, 458 U.S. 747, 756-57 (1982))). The court's finding that Exhibit Six constituted child pornography was not plainly wrong or without evidence to support it because the visual material depicted appellant engaging in sexual activity and had an identifiable minor as the subject. Therefore, the evidence was sufficient for the court to find that appellant produced child pornography in violation of Code § 18.2-374.1(B)(2).[3]

### C. Indecent Liberties

Appellant contends that the evidence was insufficient to convict him of indecent liberties because the Commonwealth did not establish a reasonable likelihood of M.G. waking up and seeing his penis. He also challenges his conviction because he did not expose his penis in a public place. For the following reasons, we disagree with appellant.

Code § 18.2-370(A)(1) provides that it is a felony for any person to "knowingly and intentionally . . . [e]xpose his or her sexual or genital parts to any child" with lascivious intent. However, the offense does not require that the child actually view a defendant's penis. If there is a "reasonable probability" that a child may see a defendant's penis, the child's "actual perception of such a display" is immaterial. Siquina v. Commonwealth, 28 Va. App. 694, 697-99 (1998) (affirming indecent liberties conviction where the victim had a "reasonable probability" of seeing the defendant's genitalia when they were in a bathroom together and the defendant's "pants and underwear were pulled down to his feet"). See also Holley v. Commonwealth, 38 Va. App. 158, 164-65 (2002) (finding sufficient evidence that the defendant exposed himself in the presence of

---

[3] This Court need not consider appellant's statement in his assignment of error that the evidence was insufficient because M.G. "slept undisturbed" during filming. He did not develop this argument or support it with any authority in his brief. "[S]tatements unsupported by argument, authority, or citations to the record do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56 (1992). See also Rule 5A:20(e).

children where adults observed him "standing at his glass doors naked and touching his genitals while the children were outside" because a "reasonable probability exist[ed] that [he] might be seen by [the children]" (quoting Siquina, 28 Va. App. at 699)).

Here, the evidence was sufficient to establish a reasonable probability that M.G. would awaken and see appellant's genitals. Appellant was masturbating inches away from M.G.'s face for an extended period of time. Further, he touched her face and her foot with his penis and ejaculated into her hair and on her leg. Any of these actions could have caused M.G. to awaken, and she in fact stirred and moved as she slept.

Appellant's argument that the evidence was insufficient because he did not expose himself in public is likewise without merit. The statute defining indecent liberties, Code § 18.2-370, differs from Code § 18.2-387, the statute prohibiting indecent exposure. Code § 18.2-387 requires that the "obscene display or exposure" occur "in any public place, or in any place where others are present," an element not included in the indecent liberties statute. Appellant relies on Wicks v. City of Charlottesville, 215 Va. 274 (1974), and Noblett v. Commonwealth, 194 Va. 241 (1952), to support his contention that he was improperly convicted of indecent liberties because he was not in public. However, both cases address indecent exposure, not indecent liberties with a minor. See Wicks, 215 Va. at 275-77 (upholding indecent exposure conviction under municipal code where the arresting officer saw defendant holding his hand in front of his pants while urinating on a public street); Noblett, 194 Va. at 245 (noting that indecent exposure is an offense when it occurs "in a public place in such a manner that the act is seen or is likely to be seen by casual observers"). Neither case provides support for appellant's contention that to establish the crime of taking indecent liberties with a child, the Commonwealth was required to prove that he intentionally exposed himself to M.G. while in a public place.

The court found there was a reasonable probability that M.G. could have awakened and seen appellant.  Because that finding is not plainly wrong or without evidence to support it, and because the crime of indecent liberties with a child does not require that the offense occur in public, the court did not err in convicting appellant.

## CONCLUSION

For the foregoing reasons, we find that the trial court did not err in denying appellant's motion to strike the charges of producing child pornography or indecent liberties.  Accordingly, we affirm appellant's convictions.

<u>Affirmed.</u>