COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Decker, Judges Beales and Raphael
Argued by videoconference


DAVID BRAND MIDGETT

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1592-22-1          CHIEF JUDGE MARLA GRAFF DECKER
                                                         MARCH 5, 2024
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Bruce H. Kushner, Judge Designate

James O. Broccoletti (Zoby & Broccoletti, P.C., on brief), for
appellant.

Suzanne Seidel Richmond, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


David Brand Midgett appeals his conviction for using a communications system in violation

of Code § 18.2-374.3.  He argues that the evidence was insufficient to support his conviction

because the Commonwealth did not prove his purpose in communicating with the victim was to

persuade him to send a photograph in violation of either Code § 18.2-370 or § 18.2-374.1.  For the

following reasons, we affirm the conviction.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

On September 23, 2021, the appellant communicated with E.M., a neighbor, by sending

text messages and photographs through Snapchat.[2]  At the time, the appellant was fifty-nine

years old, and E.M. was a seventeen-year-old boy.  The appellant messaged E.M. and asked if he

was alone.  Feeling uncomfortable, E.M. showed the messages to his stepsister.  E.M.'s stepsister

photographed the conversation using her cell phone.  Those photographs recorded the following

exchange:

| [The appellant]: | You in bed<br>Just seeing if you were awake lmao<br>I hope you're not sharing with anyone I chatting with you<br>Just thinking it would be between us lmao<br>No nothing is up just making sure this is just between us<br>I can take care of you financially haha<br>How bout a 100 an hour lmao |
|---|---|
| [E.M.]: | For what? |
| [The appellant]: | Or a half hour |
| [E.M.]: | To do what? |
| [The appellant]: | I'll leave you alone |
| [E.M.]: | Why do you want to pay me lmao |
| [The appellant]: | I like you<br>I'm going to leave you alone |
| [E.M.]: | Umm alright |

---

[1] An appellate court considering the sufficiency of the evidence views the record in the light most favorable to the Commonwealth as the party who prevailed below.  *See Dietz v. Commonwealth*, 294 Va. 123, 132 (2017).  In doing so, it discards any of the appellant's conflicting evidence and regards as true all credible evidence favorable to the Commonwealth and all inferences that reasonably may be drawn from that evidence.  *Gerald v. Commonwealth*, 295 Va. 469, 473 (2018).

[2] Snapchat is a communication application for mobile devices.  *See Davis v. Commonwealth*, 73 Va. App. 500, 504 n.1 (2021).

| | |
|---|---|
| [The appellant]: | Would you hang for that and keep it just between us<br>What do you think |
| [E.M.]: | It depends what are we going to do |
| [The appellant]: | What ever you want<br>Nothing you would be uncomfortable with<br>What do you think<br>What do you think |
| [E.M.]: | Idk when are you thinking |
| [The appellant]: | What ever works for you<br>I don't want to make you feel uncomfortable but I<br>have plenty of cash<br>Please keep this between me and w<br>Are we good |
| [E.M.]: | Why do you want to pay me |
| [The appellant]: | I don't know what to say<br>I know you like money I think<br>Do you like a lot of cash<br>Thousand lmao |
| [E.M.]: | It's your money |
| [The appellant]: | Is between you and me only? |
| [E.M.]: | Yeah It is |

The appellant then sent E.M. a photograph of at least nine one-hundred-dollar bills fanned out.[3]

| | |
|---|---|
| [E.M.]: | Omg |
| [The appellant]: | Send me a picture<br>Of you |

E.M. responded by sending him a photograph of his face.

| | |
|---|---|
| [The appellant]: | Take your shirt off lmao<br>It's yours |

---

[3] There are several other bills in the stack, but their denominations are not visible in the photograph.

[E.M.]:                 For a thousand

[The appellant]:        No you got to take more than your shirt off for a thousand
                        Is anyone else seeing these chats

E.M. messaged that they were "done" because the conversation was "weird."[4] The appellant apologized, reiterated the offer to pay him a thousand dollars, resent the photograph of the money, and emphasized "[i]t will just be between you and me."

Following this exchange, E.M. informed the appellant that he had told his parents that the appellant had "made [him] uncomfortable." The appellant responded that he "hope[d]" that was not true. E.M. wrote, "So you know you shouldn't be talking to little boys like that," and the appellant responded, "I know Lmao." E.M. also messaged, "So you think that it's correct to ask a minor for provocative pictures in exchange for money." In a reply message, the appellant denied that he "ask[ed] for that." During the ensuing police investigation, the appellant admitted to sending the Snapchat messages but said he did so as a joke.

A grand jury indicted the appellant for the crime of using a communications system in violation of Code § 18.2-374.3. At trial, witnesses testified about the nature of Snapchat. E.M. explained that the messages and photographs he received from the appellant were automatically deleted after he looked at them. Detective Brian Furbish with the Chesapeake Police Department testified that he examined the appellant's mobile phone on October 8, 2021, and found that his Snapchat application had been deleted. Furbish explained that users have control over how long messages or photographs they send over Snapchat can be accessed.

In his motions to strike, the appellant argued that the evidence was not sufficient to support the charge because the messages he sent were too vague to establish he had the requisite intent under Code § 18.2-374.3. The court denied the motions.

_____

[4] During his testimony, E.M. explained that "LMAO" is an abbreviation meaning "[l]aughing my ass off" and "IDK" means "I don't know."

The trial court found the appellant guilty of using a communications system in violation of Code § 18.2-374.3. He was sentenced to five years of incarceration, with all but ninety days suspended.

ANALYSIS

The appellant argues that the evidence was insufficient to support his conviction because the Commonwealth failed to prove that his purpose in communicating with E.M. was to persuade him to send a nude image or perform sexual acts. He does not dispute proof of the other elements of the offense. The appellant's only challenge is to the proof of his intent.

When reviewing the sufficiency of the evidence to support a conviction, an appellate court must affirm the decision unless the trial court's factual findings were plainly wrong or the conviction lacked evidence to support it. *See, e.g.*, *Dietz v. Commonwealth*, 294 Va. 123, 132 (2017). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)). In conducting this review, the "appellate court does not 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Commonwealth v. Barney*, ___ Va. ___, ___ (Mar. 16, 2023) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). Instead, the "relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at ___ (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). These principles apply in the same way in a bench trial, such as this one, as they do in a jury trial. *Dietz*, 294 Va. at 132.

It is the function of the trier of fact to determine the credibility of witnesses and the weight afforded the testimony of those witnesses. *Canada v. Commonwealth*, 75 Va. App. 367,

386 (2022). In addition, evaluating the sufficiency of the evidence "does not [involve] distinguish[ing] between direct and circumstantial evidence, as the fact finder . . . 'is entitled to consider all of the evidence, without distinction, in reaching its determination.'" *Commonwealth v. Moseley*, 293 Va. 455, 463 (2017) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003)).

With these well-established legal principles guiding our review, we consider the appellant's challenge to proof of intent. To resolve the assignment of error, we first address the question of under which subsection of Code § 18.2-374.3 he was convicted. The conviction and sentencing orders do not specify a subsection. The trial court simply noted that the appellant was guilty "under [the] indictment," which cites only Code § 18.2-374.3, implicating both subsections (B) and (D). The wording of the indictment is less than clear, and the appellant at no point asked for a bill of particulars.[5] Nevertheless, when arguing to the trial court, the prosecutor and defense counsel both referenced the proscriptions in subsection (D) rather than (B). *See* Code § 18.2-374.3(D) (incorporating the activities proscribed by subsection (C)).

When the indictment does not list the particular theory under which the Commonwealth is proceeding, the offense can be proved under any acceptable theory. *See, e.g.*, *Muhammad v. Commonwealth*, 269 Va. 451, 494 (2005) (considering an indictment that listed two alternative types of intent in the disjunctive); *Rose v. Commonwealth*, 53 Va. App. 505, 513-14 (2009) (recognizing that statutes can provide alternative ways to commit an offense).

---

[5] The indictment charged the appellant with violating Code § 18.2-374.3 by "unlawfully and feloniously us[ing] a communications system . . . for the purposes of procuring or promoting the use of a minor for any activity in violation of § 18.2-370 or 18.2-374.1," wording that follows subsection (B) of Code § 18.2-374.3. The indictment also noted, however, "[s]uch minor being under the age of eighteen but over the age of fifteen at the time of the offense with the defendant being at least seven years older than the child," wording that follows Code § 18.2-374.3(D). The appellant did not challenge the indictment for lack of specificity below, nor does he make that argument on appeal.

In this case, in line with the arguments made by the parties below, we conduct our analysis under subsection (D), recognizing the appellate challenge to proof of intent.[6] Subsection (D) proscribes a number of activities, including for a "person 18 years of age or older" to "propose that any such child expose his sexual or genital parts to such person." Code § 18.2-374.3(C)(1) (referenced in subsection (D)). To support a conviction under Code § 18.2-374.3, the Commonwealth must prove that the accused acted with a proscribed purpose, not that he or she actually committed the underlying act. *See Dietz*, 294 Va. at 135. In other words, to commit the crime of use of a communications system to facilitate an offense against a minor under Code § 18.2-374.3, the person does not need to accomplish his purpose. *See id.* Instead, to establish the requisite intent under Code § 18.2-374.3(D), the Commonwealth can prove that the defendant's communications were for the purpose of "moving forward with a scheme" of "propos[ing]" that the child "expose his sexual or genital parts to such person." *See id.*; Code § 18.2-374.3(D) (incorporating Code § 18.2-374.3(C)(1)).

Moving to the specific challenge to proof of the appellant's intent, proof of intent must be viewed in light of the totality of the credible evidence and in context. *See Johnson v.*

---

[6] We do not analyze the conviction through the lens of Code § 18.2-374.3(B) because it does not apply to the facts of this case. That subsection proscribes using a communications system "for the purposes of procuring or promoting the use of a minor for any activity in violation of § 18.2-370 or 18.2-374.1." In turn, Code § 18.2-370 prohibits taking indecent liberties with children, and Code § 18.2-374.1 prohibits producing child pornography. Relevant here, the indecent liberties statute prohibits one from "propos[ing]" that a child under fifteen "expose his or her sexual or genital parts to such person." Code § 18.2-370(A)(1). That statute does not apply because the child here was seventeen years old at the time of the offense. Further, the child pornography statute encompasses nude photographs of a minor only if they are lewd or lascivious. *See* Code § 18.2-374.1; Code § 18.2-390(2) (referenced in Code § 18.2-374.1); *Ele v. Commonwealth*, 70 Va. App. 543, 549 (2019); *Asa v. Commonwealth*, 17 Va. App. 714, 718 (1994). The Commonwealth correctly does not suggest that the evidence supported a finding that the appellant acted with the purpose of procuring or promoting child pornography. *See generally Foster v. Commonwealth*, 6 Va. App. 313, 329-30 (1988) (holding that the evidence was insufficient to prove the intent to obtain sexually explicit photographs of a minor in violation of Code § 18.2-374.1).

*Commonwealth*, 69 Va. App. 639, 645 (2019).  Here, the context surrounding the appellant's instruction for E.M. to send him a photograph is important.  It supports the reasonable inference that the appellant sent the messages via Snapchat with the purpose of convincing E.M. to send a photograph of his sexual or genital parts.

After the appellant instructed E.M. to "[t]ake [his] shirt off," he offered E.M., a seventeen-year-old boy, one thousand dollars to "take more than [his] shirt off."  The appellant brought up payment several times throughout the texts.  He said he could "take care" of E.M. financially, offered one hundred dollars an hour or half an hour "to hang out," and sent a photograph of at least nine hundred dollars in cash.  During the lengthy exchange, the appellant urged E.M. at least four times to keep the messages between the two of them private and at least twice asked if anyone else was seeing them.  In addition, after E.M. informed the appellant he was "done" because the conversation was "weird," the appellant implicitly offered him one thousand dollars to not tell anyone.  The appellant had his Snapchat application that he used for the texts and photographs set to delete them automatically after they were read or opened.  The Snapchat application had been removed from the appellant's mobile phone before it was examined by police about two weeks after the encounter.  Considering the amount of money offered and the appellant's emphasis on secrecy, the trial court could reasonably conclude that the appellant communicated with E.M. for the purpose of persuading him to send a photograph of his sexual or genital parts.  *See Dietz*, 294 Va. at 135-36 (holding that the evidence was sufficient to prove the defendant's "unlawful purpose under Code § 18.2-374.3(B) based on the undisputed evidence of her lascivious intent toward" the victim due to the context and content of the messages).

The appellant contends that any conclusion about what his purpose was in sending the messages was speculative and that the evidence supported the hypothesis of innocence that he was

attempting merely to procure a photograph of E.M. in his underwear.[7]  In support, he argues that his

sole message "you've got to take more off than your shirt for a thousand" was ambiguous.  This

argument isolates a single message the appellant sent in a series of communications and ignores the

context of the rest of the Snapchat conversation.  We simply cannot view a single piece of evidence

"in isolation."  *See Moseley*, 293 Va. at 466.

"Intent may be, and most often is, proven by circumstantial evidence and the reasonable

inferences to be drawn from proven facts."  *Viney v. Commonwealth*, 269 Va. 296, 301 (2005).

Circumstances establishing a "purpose formed in a person's mind" include his conduct and

statements.  *Chatman v. Commonwealth*, 61 Va. App. 618, 630 (2013) (en banc) (quoting *Barrett v.

Commonwealth*, 210 Va. 153, 156 (1969)).  "The only requirement" in a circumstantial case is that

the Commonwealth "put on enough circumstantial evidence such that a reasonable [fact finder]

could have rejected [the] defendant's [hypothesis] of innocence."  *Davis v. Commonwealth*, 65

Va. App. 485, 502 (2015).  The reasonable-hypothesis principle "is 'simply another way of stating

that the Commonwealth has the burden of proof beyond a reasonable doubt.'"  *Moseley*, 293 Va. at

464 (quoting *Hudson*, 265 Va. at 513).  "[M]erely because [a] defendant's theory of the case differs

from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent

with his innocence has not been excluded."  *Edwards v. Commonwealth*, 68 Va. App. 284, 301

(2017) (second alteration in original) (quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004)).

And "[w]hether an alternate hypothesis of innocence is reasonable is a question of fact," which "is

binding on [this Court] unless plainly wrong."  *Maust v. Commonwealth*, 77 Va. App. 687, 700

(2023) (en banc) (alterations in original) (quoting *Wood v. Commonwealth*, 57 Va. App. 286, 306

(2010)).

---

[7] Below, he argued that the evidence equally supported the theories that he wanted E.M.
to pose in a bathing suit or "be in a bathtub."

The fact finder "determines which reasonable inferences should be drawn from the evidence[] and whether to reject as unreasonable the hypotheses of innocence advanced by a defendant." *Moseley*, 293 Va. at 464. "[T]he question," therefore, "is not whether 'some evidence' support[ed] the hypothesis, but whether a rational factfinder could have found the incriminating evidence render[ed] the hypothesis of innocence unreasonable." *James v. Commonwealth*, 53 Va. App. 671, 682 (2009) (quoting *Emerson v. Commonwealth*, 43 Va. App. 263, 277 (2004)).

The trial court, as fact finder, weighed all the evidence and rejected the appellant's hypothesis that he was trying to obtain a photograph that did not show E.M.'s sexual or genital parts, such as one of E.M. posing in his underwear. The court also rejected the appellant's statement to police that he sent the Snapchat messages as a joke. *See, e.g.*, *Rollston v. Commonwealth*, 11 Va. App. 535, 547 (1991) (holding that the fact finder was entitled to conclude that the defendant was lying to conceal his guilt). The court's factual findings are not plainly wrong and are entirely supported by the evidence.

For these reasons, the evidence was sufficient to prove that the appellant communicated with E.M. for the purpose of proposing that E.M. send a photograph of his sexual or genital parts.

CONCLUSION

The evidence was sufficient to support the conclusion that the appellant communicated with E.M. with the requisite intent under Code § 18.2-374.3. For this reason, we affirm the conviction.

*Affirmed.*

- 10 -