Present:  Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and
Goodwyn, JJ., and Russell, S.J.

RICKY C. WILLIAMS                          OPINION BY
                                  SENIOR JUSTICE CHARLES S. RUSSELL
v.  Record No. 081577                    June 4, 2009

COMMONWEALTH OF VIRGINIA


                FROM THE COURT OF APPEALS OF VIRGINIA

     This appeal questions the sufficiency of the evidence to

support a conviction of possession of methadone with intent to

distribute.

                       Facts and Proceedings

     Applying familiar principles of appellate review, we will

state the facts in the light most favorable to the

Commonwealth, the prevailing party at trial.  On August 17,

2005, Detectives McAndrew and Johnakin, of the Portsmouth

Police Department, initiated a traffic stop of a station wagon

because one of its brake lights was inoperative.  The driver

was a man named Clark. Seated beside him in the passenger seat

was Ricky C. Williams.  The detectives left their unmarked

cruiser and approached the station wagon, McAndrew to the

driver's side and Johnakin to the passenger side.  Detective

Johnakin saw Williams look over his shoulder at the

approaching Detective McAndrew and throw three plastic bags

over his left shoulder with his right hand.  They landed in

the middle of the back seat.  Detective Johnakin looked

through the rear window and saw the plastic bags, one of which appeared to him to contain heroin capsules. Detective Johnakin opened the passenger door and placed Williams under arrest. When asked where he worked, Williams stated that he was unemployed. Detective McAndrew removed the three plastic bags from the back seat and identified their contents as what appeared to be heroin, cocaine and methadone, respectively.

Williams was indicted for several drug-related offenses and was convicted at a bench trial of (1) possession of heroin with intent to distribute (third offense), (2) possession of cocaine with intent to distribute (third offense), and (3) possession of methadone with intent to distribute (third offense). At trial, the three plastic bags recovered from the back seat of the station wagon were identified as one plastic bag corner containing 38 capsules of heroin, one plastic bag corner containing 1.24 grams of powder cocaine, and one plastic bag corner containing ten white marked tablets. One of the white tablets was tested and found to contain methadone.

Detective R. M. Holley of the Portsmouth Police Department qualified, by stipulation, as an expert witness in the packaging, sale, use and distribution of narcotics in the City of Portsmouth. He testified that a "heavy user" of heroin would use five to seven capsules per day, that 38

2

capsules represented a five to seven-day supply for a heavy user, and that it was "very, very rare" that such a user would carry a quantity of capsules amounting to a five to seven-day supply of the drug on his person.

The "street price" of the capsules was $10 each, in Detective Holley's opinion, so the heroin represented a value of $380 to a user. The "street value" of the cocaine was approximately $100 per gram, he testified, so the cocaine powder was worth about $120, while the methadone tablets sold for five to ten dollars each, adding $50 to $100 to the total value of the items seized in the station wagon. Detective Holley testified that in his experience, no user had ever been found in possession of all three of these drugs at any one time, and that the evidence was inconsistent with personal use.

On cross-examination, Detective Holley testified that the quantity of cocaine seized, taken alone, would be "borderline close" to being consistent with personal use, but in combination with the other drugs it was not. He said, "I don't ever remember seeing three different drugs [carried] by a user together." He added, without objection, that it was doubtful that a drug user who was unemployed would be carrying drugs of so much monetary value with him.

Detective Holley also was of the opinion that the mere combination of heroin and methadone was unlikely for a user, because both have the same effect, although the effect of methadone lasts for a shorter time. Methadone, he said, is available by prescription, but in that case, the law requires that it be kept in a prescription bottle; methadone is also dispensed by drug treatment programs in Portsmouth, but is only dispensed one tablet at a time. Detective Holley also thought the packaging of the methadone was inconsistent with personal use, stating "[t]o put them in a plastic bag corner is very unusual for a user of methadone."

At the conclusion of the trial, Williams made no argument concerning the heroin charge and argued only the failure of the Commonwealth to prove intent to distribute cocaine and methadone, asking the court to find him guilty only of simple possession of those two substances.

Williams appealed his convictions to the Court of Appeals. That court denied his petition as to the heroin conviction but granted his petition as to possession of cocaine with intent to distribute and possession of methadone with intent to distribute. A panel of the Court of Appeals heard those cases and, by opinion and order entered June 24, 2008, affirmed the judgment of the trial court. We awarded Williams an appeal limited to a single assignment of error:

4

"The Court of Appeals erred in affirming the trial court's ruling that the defendant possessed methadone with the intent to distribute."

## Analysis

The judgment of the trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will not be disturbed on appeal unless "plainly wrong or without evidence to support it."  Code § 8.01-680; Britt v. Commonwealth, 276 Va. 569, 573-74, 667 S.E.2d 763, 765 (2008).

An appellate court does not "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (citation omitted).  Rather, the relevant question is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Id. at 319.

Consistent with his position at trial, Williams does not dispute that he was in possession of the drugs that were found in the station wagon.[1]  His appeal rests entirely on his

---

[1] Williams took the stand at trial but was not asked about whether he was in possession of the drugs and said nothing on that subject.  On brief, he argues that the vehicle had another occupant who might have possessed them.  Because he asked the trial court to find him guilty of simple possession, we will not consider that argument.

5

contention that the trial court's finding of intent to distribute methadone was unsupported by the evidence.

Absent a direct admission by the defendant, intent to distribute must necessarily be proved by circumstantial evidence.  See Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973).  The circumstantial evidence in the present case was that Williams possessed three disparate drugs, a factor leading to the conclusion that he was engaging in the business of drug distribution.  The quantity of heroin alone was inconsistent with personal use, as was the packaging of the methadone.  In McCain v. Commonwealth, 261 Va. 483, 493, 545 S.E.2d 541, 547 (2001), we held that the packaging of drugs was an appropriate factor to consider as evidence of intent to distribute.  The aggregate value of the drugs in Williams' possession was such that an unemployed person would be unlikely to be able to afford them if he were merely a user.[2]  We conclude that the evidence was sufficient to support the trial court's finding.

Williams' principal contention on appeal is that because only one methadone tablet was tested, there is no evidence to

---

[2] When Williams testified as a witness, he was not asked whether he was a user of drugs and said nothing on that subject.  On appeal, he argues that the evidence was consistent with personal use.  There was no evidence that Williams was a user of drugs.

6

support the conclusion that he was in possession of ten methadone tablets. Therefore, he argues, a reasonable hypothesis of his innocence of intent to distribute that drug was not excluded by the Commonwealth's evidence.[3]

We do not reach Williams' argument concerning the number of tablets tested because of our conclusion that the totality of the evidence is sufficient to support the trial court's finding that Williams had the intent to distribute all the drugs in his possession. That intent necessarily included the single tablet that was tested and found to contain methadone. In making its finding, the trial court was entitled to consider all the evidence and was not limited to relying on the number of methadone tablets in Williams' possession.

### Conclusion

We find no error in the Court of Appeals' determination that the evidence at trial was sufficient to support Williams' conviction of possession of methadone with intent to

---

[3] The certificate of analysis in evidence described the tablets as "ten (10) white marked tablets." It further stated: "Visual examination determined that the physical characteristics are consistent with a pharmaceutical preparation containing Methadone." Introduced in evidence, the tablets were examined by the trial judge who stated that they appeared to be identical and appeared to be "prescription-type tablets" with a line across them to facilitate breaking them in half.

distribute.  Accordingly, we will affirm the judgment of the

Court of Appeals.

<u>Affirmed.</u>

8