UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Friedman, Callins and White
Argued at Salem, Virginia

KEVIN THOMAS KING

                                    MEMORANDUM OPINION* BY
v.       Record No. 0484-22-3           JUDGE FRANK K. FRIEDMAN
                                        JUNE 13, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James J. Reynolds, Judge

Erik L. Sapp, Assistant Public Defender, for appellant.

Ken J. Baldassari, Assistant Attorney General (Jason S. Miyares,
Attorney General; William K. Hamilton, Assistant Attorney General,
on brief), for appellee.

After a bench trial, the trial court convicted Kevin Thomas King of unauthorized use of a

vehicle. On appeal, King argues that the trial court erred in finding that the victim owned the

vehicle and that King used the vehicle without the owner's consent. For the following reasons, we

affirm the trial court's judgment.

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On December 31, 2020, Isaac Robertson's vehicle was parked in his carport with the key in its ignition. King attended a party at Robertson's house and asked Robertson if he could use the vehicle. Robertson refused King's request. Robertson went to bed between 12:30 and 1:00 a.m. and discovered that his vehicle "was gone" when he awakened. King admitted to Robertson that he took the car and was "willing to pay" "whatever he needs to." A "couple [of] days" later, a tow company brought the vehicle back to Robertson's house. It was damaged and "the engine was in the front seat."

At trial, Robertson testified that his brother "gave [him] the car" in 2020 and Robertson had towed it to his house. Robertson explained that his driver's license was suspended, so he had been unable to register it with the Department of Motor Vehicles (DMV) or get license plates—but his testimony that he was given the car as a gift was unrebutted.

King moved to strike the evidence, arguing that the Commonwealth had not proved that the "titled" or "actual owner" of the vehicle had not given King permission to use it. After argument by counsel, the trial court denied the motion to strike. King renewed his motion to strike, arguing that Robertson was not the "registered owner" of the vehicle. King asserted that the registered owner was the "owner" under the statute and that the Commonwealth had not proved that King did not receive permission from the registered owner.

After argument by counsel, the trial court found that DMV registration and ownership were not synonymous and that Robertson owned the vehicle. The trial court also found that King had used the vehicle without consent. Accordingly, the trial court convicted King of unauthorized use of Robertson's vehicle.

- 2 -

ANALYSIS

King challenges the sufficiency of the evidence to prove that he was guilty of unauthorized use of a vehicle. "When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Code § 18.2-102 provides it is a felony to "take, drive or use any . . . vehicle, . . . without the consent of the owner thereof and in the absence of the owner, and with intent temporarily to deprive the owner" of possession of the vehicle. King argues that the "plain meaning" of "owner" as used in Code § 18.2-102 and statutes regarding registration of vehicles—Code §§ 46.2-600, -603, -604—is the "person with the 'legal or rightful title' to the vehicle."

These code sections, cited by King, discuss the duty of the owner of a vehicle to register and title that vehicle through the DMV before the vehicle may be driven on a highway in Virginia. Additionally, Code § 46.2-100 defines "owner" as "a person who holds the legal title to a vehicle." However, Code § 46.2-100 restricts that definition, stating that the definition

applies "[a]s used in this title." Unauthorized use is criminalized under Code § 18.2-102, which is found in a different title of the Code.

Using the definition of "owner" found in Code § 46.2-100, King contends that Robertson "had a possessory interest in the vehicle" but "was not the registered owner." King concedes that Robertson did not give him permission to use the vehicle but argues that the Commonwealth presented "no evidence" "that the actual owner did not give permission."

Here, Robertson's undisputed testimony was that he owned the vehicle, which was given to him by his brother. Robertson explained that he had not registered the vehicle in his name with the DMV because his driver's license was suspended. *See* Code § 46.2-412 (providing that the DMV "shall not issue any new or renewal license or register in his name any motor vehicle" to a person whose driver's license has been suspended or revoked). Additionally, Robertson testified that King asked permission to use the vehicle, which Robertson refused, and that the tow company brought the damaged vehicle to Robertson's house. This evidence supports the trial court's finding that Robertson owned the car.

In *McDuffie v. Commonwealth*, 49 Va. App. 170, 175 (2006), this Court stated that "[t]he owner of an automobile is the party who has legal title to it." (Citing Code § 46.2-100). However, we find *McDuffie* to be easily distinguishable from the present case. In *McDuffie*, a husband convicted of unauthorized use of a vehicle and destruction of that vehicle asserted that he had a vested property interest in the vehicle, which was titled in his wife's name. *Id.* The Court was thus faced with two competing claims as to who rightfully owned the vehicle. The husband claimed that, pursuant to equitable distribution principles, his convictions could not stand because the vehicle could not "as a matter of law be characterized as 'not his own.'" *Id.* at 173.

By contrast, in the present case there is only one claim as to ownership—Robertson's. In fact, not only is there no other assertion of right to the vehicle, but Robertson offered a detailed explanation of how the car came to be his. In *McDuffie*, this Court was faced with two competing claims of ownership within the context of a marital interest, and the Court analyzed title to resolve the conflict. Here, King suggests that Robertson's ownership was not adequately established—not that Robertson's brother (or any other person) actually claims an ownership interest in the vehicle. While the definitions found in Code § 46.2-100 might potentially help to determine the stronger of two competing claims of ownership, here it is unnecessary to use these definitions because there is clear evidence of ownership which was plainly accepted by the finder of fact.

Robertson's testimony was prima facie evidence that he owned the vehicle, and a reasonable fact-finder could easily conclude that the vehicle belonged to Robertson. There was ample evidence to support the trial court's finding that Robertson did own the vehicle and that he refused King's request to use the vehicle—and that King used it anyway without authorization. Thus, the trial court did not err by convicting King of unauthorized use of a motor vehicle.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*