# COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, Friedman and White

ERIN LEANNE HAYES

v.     Record No. 1776-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
DECEMBER 19, 2023

FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
John T. Cook, Judge

(Joseph A. Sanzone; Sanzone & Baker, L.L.P., on brief), for
appellant.

(Jason S. Miyares, Attorney General; Susan Hallie Hovey-Murray,
Assistant Attorney General, on brief), for appellee.


Sitting without a jury, the trial court convicted Erin Leanne Hayes of driving under the

influence of alcohol and unlawfully refusing to take a breath or blood test. The trial court imposed a

total sentence of 30 days' suspended incarceration, a $500 fine with $250 suspended, and operator's

license suspension of 12 months. On appeal, Hayes argues that the evidence was insufficient to

sustain her conviction for driving under the influence.[1] After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Hayes does not challenge her conviction for unlawfully refusing to take a breath or
blood test.

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

At approximately noon on May 9, 2021, Celeste Brown was walking her dogs near the Braxton Park housing complex in Campbell County. The road running through the U-shaped neighborhood was flanked with parked vehicles. Brown heard a loud vehicle approaching from her right and saw Hayes's car weaving back and forth in the roadway, coming close to striking vehicles parked on both sides of the road. The speeding car did not slow down for a speed bump and continued to drive around a slight curve in the road until Brown lost sight of all but its roof.

Moments later, Brown heard a collision and saw a few vehicles "shake." She approached the collision and noticed that Hayes's car had struck a parked Jeep, causing some damage to the back bumper. Hayes was slumped over in the driver's seat with her head down, wearing only one sleeve of her jacket. As Brown spoke with Hayes, she saw that Hayes's eyes were red and "kind of watery," and thought she may have been crying, although she never saw any tears. Brown confirmed that Hayes lived in the complex and left to find someone who knew either Hayes or the Jeep's owner. Brown described Hayes at the scene of the crash as "really irritable." As Brown left, Hayes drove off.

Virginia State Police Trooper Sica responded to the scene at approximately 1:45 p.m. and witnessed damage to the back passenger side of the Jeep. Trooper Sica determined that Hayes's vehicle was involved in the crash after running the license plate information provided by the

witness, Brown, and went to speak with Hayes at her home.  While Trooper Sica interacted with Hayes, he noticed that she was unsteady on her feet and "propping herself up against the side of the porch."  Her eyes were bloodshot and glassy, an odor of alcohol emanated from her person, and she slurred her words.  Hayes admitted to drinking earlier in the day at a friend's house but consistently denied drinking anything since returning home.  She also denied striking the Jeep but admitted to having driven home from visiting a friend.  Trooper Sica walked with Hayes to look at the visible damage and paint transfer to Hayes's vehicle.  According to Trooper Sica's testimony, the paint transfer was blue and matched the color of the Jeep.  Hayes had to lean on Trooper Sica for balance while she walked down the stairs, "kept stumbling," and "had to hold onto [Trooper Sica's] arm" before ultimately bracing herself on the car "to keep herself standing."

Hayes refused to take either the field sobriety tests or a preliminary breath test, stating that "she didn't want to do them."  As Trooper Sica arranged supervision for Hayes's children, Hayes leaned on him to maintain her balance.  Trooper Sica arrested Hayes for driving under the influence at 2:28 p.m.  He explained her obligations under Virginia's implied consent statute and read Hayes the form as required by statute.  *See* Code § 18.2-268.3(C).  Despite this, Hayes refused to provide a sample of her breath.

Amanda Womack,[2] the owner of the blue Jeep, was notified of the accident.  The following day, she discovered a sticky-note on her Jeep.  On it she found a license plate number and matched the tags to Hayes's vehicle.  Eventually, Hayes contacted Womack, confirmed that she had struck the Jeep, and provided Womack with her insurance card information.

At trial, Hayes moved to strike the evidence, and argued that the Commonwealth's evidence failed to establish any evidence of intoxication while she was driving.  The trial court denied this

---

[2] Ms. Womack changed her name from "Amanda Warden" to "Amanda Womack" between the incident and her testimony.

motion and her renewed motion to strike. In doing so, the trial court made several findings of fact relevant to Hayes's intoxication: that she was "unsteady on her feet," "was propping herself up," and had an odor of alcohol, slurred speech, and bloodshot, glassy eyes. Accordingly, the trial court convicted Hayes of both driving under the influence and unlawfully refusing to take a breath or blood test. Hayes appeals.

## ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). In such cases, the "relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "Instead, we ask only 'whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *McGowan*, 72 Va. App. at 521 (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Id.* (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Under Code § 18.2-266, "[i]t shall be unlawful for any person to drive or operate any motor vehicle . . . while such person is under the influence of alcohol[.]" That degree of intoxication is established when any person has consumed enough alcoholic beverages to "so affect his manner, disposition, speech, muscular movement, general appearance or behavior, as to be apparent to observation." *Thurston v. City of Lynchburg*, 15 Va. App. 475, 483 (1992) (quoting *Gardner v. Commonwealth*, 195 Va. 945, 954 (1954)). In determining whether a defendant was under the

- 4 -

influence, a factfinder considers "all of the evidence of h[er] condition at the time of the alleged offense." *Hogle v. Commonwealth*, 75 Va. App. 743, 754 (2022) (quoting *Leake v. Commonwealth*, 27 Va. App. 101, 109 (1998)). This Court has found that "[a] defendant's admission that [s]he consumed several alcoholic beverages, together with the testimony of the arresting officer regarding the defendant's appearance and lack of coordination, is sufficient to support a conviction for driving under the influence of alcohol." *Id.* (quoting *Lemond v. Commonwealth*, 19 Va. App. 687, 694 (1995)).

Based upon the totality of evidence in this record, a rational factfinder could find beyond a reasonable doubt that Hayes operated her vehicle while under the influence of alcohol. The testimony of Brown proved that Hayes was driving. Hayes swerved down the roadway and almost struck numerous parked cars before hitting Womack's Jeep. Brown observed that Hayes was disheveled and had red, watery eyes, but did not see any tears in Hayes's eyes. Trooper Sica responded approximately an hour later to find Hayes was unsteady on her feet, had bloodshot, glassy eyes, and smelled of alcohol.[3] He testified that Hayes had to lean on her porch, her vehicle, and even Trooper Sica himself to remain steady during their interaction. Moreover, she admitted to drinking alcohol earlier that day, and specifically indicated she had not had "anything to drink since she got home and that everything [she drank] was beforehand." *See Lemond*, 19 Va. App. at 694. While she denied striking the Jeep to Trooper Sica, she told Womack otherwise.

Based on the record, it was reasonable for the trial court to believe that Hayes was impaired while she drove home from her friend's house and while she interacted with Brown and Trooper

---

[3] Hayes argues that it is reasonable to believe that she had been drinking at her home after operating her vehicle and that her intoxicated condition at the time of her interaction with Trooper Sica was not indicative of her condition at the time of the accident. But the record does not support this theory. Instead, Hayes consistently *denied* consuming alcohol after returning home. Accordingly, to the extent Hayes relies on this argument, we note that it not preserved for appeal and decline to address it. *See* Rule 5A:18.

Sica. Hayes puts significant weight on the fact that Brown did not testify to smelling an odor of alcohol and contends that Brown's testimony failed to establish her intoxication at the time of driving. This ignores the fact that the trial court considered "all of the evidence" in determining Hayes's level of intoxication. *See Hogle*, 75 Va. App. at 754. "Circumstantial evidence is not 'viewed in isolation' because the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable [fact finder]' to conclude beyond a reasonable doubt that a defendant is guilty." *Rams v. Commonwealth*, 70 Va. App. 12, 27 (2019) (alteration in original) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)).

Based on the facts presented, a reasonable finder of fact could conclude that Hayes had consumed enough alcohol to "affect h[er] manner, disposition, speech, muscular movement, general appearance or behavior." *Thurston*, 15 Va. App. at 483. Additionally, it is clear that the evidence supports the standard this Court set forth in *Lemond v. Commonwealth*. A conviction for driving under the influence can be supported here by Hayes's admission of consuming alcohol, paired with Trooper Sica's eyewitness testimony of her appearance and lack of coordination. *See Lemond*, 19 Va. App. at 694. Accordingly, we find that the trial court did not err in finding Hayes guilty of driving under the influence in violation of Code § 18.2-266.

## CONCLUSION

There was sufficient evidence to support Hayes's conviction for driving under the influence. The totality of the evidence presented against Hayes demonstrated that a reasonable factfinder could find that she was intoxicated when she was driving and when she struck another vehicle. For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*