COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Athey, Friedman and Raphael

TYSHA A. DAVENPORT

v.     Record No. 1909-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
FEBRUARY 27, 2024

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
F. G. Rockwell, III, Judge Designate[1]

(Robert M. Lorey; Law Office of Robert Lorey, LLC, on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Jason D. Reed, Assistant
Attorney General, on brief), for appellee.

Tysha A. Davenport appeals her conviction for throwing a missile at an occupied vehicle

in violation of Code § 18.2-154. Davenport argues that the Commonwealth failed to exclude the

reasonable hypothesis of innocence that her passenger was the person who threw the object at the

victim's car, not Davenport. After examining the briefs and the record, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). We affirm Davenport's conviction.

BACKGROUND

We recite the evidence "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). We thus "discard the evidence of

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] The Honorable Jayne A. Pemberton presided at trial.

the accused in conflict with that of the Commonwealth," and take "as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn" from that evidence. *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On May 18, 2021, Thomas Pleasants was driving his car on Midlothian Turnpike, on his way home, when another car cut in front of him and tried to "run [him] off the road." Pleasants later identified the driver from a photo lineup as Davenport. Pleasants testified that he was a "hundred percent" sure that Davenport was driving the other car. Davenport was 19 years old at the time. She had a passenger in the car with her.

Both Pleasants and Davenport rolled down their windows and exchanged insults. Pleasants then turned onto another road. When he stopped at a red light in the left lane of the two-lane road, Davenport drove in the bike lane to pull up close to him.

When Pleasants drove forward after the light turned green, Davenport maneuvered her car "right next" to the right side of his car, side by side next to him but slightly behind. Davenport's window was open. Pleasants then heard a "big thud" as an object struck his right rear door after being thrown from Davenport's car. Pleasants did not actually see Davenport throw the object but testified that "she was right there, beside me." He said, "I don't know what it was, but it was a big thud [that] hit the car. She threw something and hit my car."

When Pleasants pulled out his phone to call the police, Davenport turned in a different direction and drove away. Pleasants reported the incident to police and provided the license-plate number of Davenport's car. The car was registered to Davenport's father.

After Pleasants identified Davenport from a photo lineup, Davenport was arrested and charged with throwing a missile at an occupied vehicle, in violation of Code § 18.2-154. After the trial court denied Davenport's motion to strike, Davenport testified in her own defense. She denied any involvement in the incident and claimed to have been at work at the time. Her

mother testified that she drove Davenport to work that day. Davenport's father testified that he prohibited Davenport from driving his car two months before the incident because she kept getting tickets. Although he was out of town on the day of the incident, he said he had left his car at his cousin's house.

Davenport called one other witness, her stepfather, who testified that he sat behind Pleasants at the preliminary hearing and claimed that he heard Pleasants say that he did not see Davenport in the courtroom. On cross-examination, however, the stepfather admitted to nine felony convictions. He also admitted that Pleasants was masked and had trouble speaking, that he saw Pleasants only shaking his head, and that he never actually heard Pleasants say that he didn't see Davenport in the courtroom.

The trial court denied Davenport's renewed motion to strike and found her guilty. The court suspended Davenport's license for a year and sentenced her to five years' imprisonment with all but three months suspended. Davenport noted a timely appeal.

ANALYSIS

"Any person who maliciously . . . throws any missile at or against . . . any motor vehicle . . . when occupied by one or more persons, whereby the life of any person" in the vehicle "may be put in peril, is guilty of a Class 4 felony." Code § 18.2-154. Davenport does not dispute that an object was thrown from her car at the victim's car. And she concedes that the trial court rejected her alibi that she was not driving her father's car that day. Davenport Br. 7. She argues, however, that the Commonwealth failed to exclude the reasonable hypothesis of innocence that her passenger, not Davenport, threw the object. As between Davenport and her passenger, she argues, it was a "coin flip" who did it. *Id.* at 6, 10, 11.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to

- 3 -

support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "[T]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Id.* (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)).

"When examining an alternate hypothesis of innocence, the question is not whether 'some evidence' supports the hypothesis, but whether a rational factfinder could have found that the incriminating evidence renders the hypothesis of innocence unreasonable." *Id.* at 250 (quoting *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003)). And the "inquiry does not distinguish between direct and circumstantial evidence, as the fact finder itself 'is entitled to consider all of the evidence, without distinction, in reaching its determination.'" *Bagley v. Commonwealth*, 73 Va. App. 1, 26-27 (2023) (quoting *Commonwealth v. Moseley*, 293 Va. 455, 463 (2017)).

The circumstantial evidence here permitted a rational factfinder to conclude that Davenport threw the missile at Pleasants's car. Pleasants testified that, after nearly being forced off the road and harassed by Davenport, an object hurled from the driver's side of Davenport's car struck the right side of his car and made a loud thud. Davenport at the time had pulled her car nearly even with his, side by side to his right. The driver's side window of Davenport's car was open. The trial court could reasonably conclude that Davenport's passenger could not reach across Davenport to successfully hurl an object from the driver's side window to strike Pleasants's car. Moreover, the road rage displayed by Davenport during the incident

corroborated that she was the one who retaliated against Pleasants by throwing the object at his car.

Davenport's case was also weakened by her own testimony and that of her defense witnesses. The witnesses she called were impeached, and the trial court did not believe them. For her part, Davenport denied any involvement in the incident and attempted to present an alibi defense. But the trial court did not believe her either. And "upon finding [her] testimony unworthy of belief, the trial judge could draw the reasonable inference that [she] testified falsely 'in an effort to conceal [her] guilt.'" *Morris v. Commonwealth*, 269 Va. 127, 133 (2005) (quoting *Covil v. Commonwealth*, 268 Va. 692, 696 (2004)).

CONCLUSION

In short, there was sufficient evidence for the trial court to find beyond a reasonable doubt that Davenport threw the object at the victim's car.

*Affirmed.*