COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Fulton and Friedman
Argued at Norfolk, Virginia


SEAN EUGENE BROWN

                                                  MEMORANDUM OPINION[*] BY

v.      Record No. 1284-24-1                    JUDGE FRANK K. FRIEDMAN
                                                        JUNE 10, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Stephen C. Mahan, Judge

Bassel Z. Khalaf (Westendorf & Khalaf, PLLC, on brief), for
appellant.

Justin B. Hill, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


At a bench trial, the Circuit Court of the City of Virginia Beach convicted Sean Eugene
Brown of threatening to burn down a building in violation of Code § 18.2-83 and assault and
battery on a family or household member in violation of Code § 18.2-57.2.[1] The trial court
sentenced Brown to 10 years and 12 months of incarceration with all but 2 years and 6 months
suspended. On appeal, Brown argues that the trial court erred by finding sufficient evidence to
convict him of threatening to burn down a building. For the following reasons, we affirm his
conviction.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Brown does not challenge his assault and battery conviction on appeal.

BACKGROUND[2]

In April 2023, Brown was dating Tiffany Jackson. Jackson resided in a two-story boarding house with several other people; her bedroom was located on the first floor. Brown stayed with Jackson "off and on" and kept personal items in her room.

On April 12, 2023, Brown appeared in Jackson's room at the boarding house early in the morning. Jackson knew that Brown was "drunk" because he smelled like alcohol and his demeanor was "very aggressive." Jackson told Brown to leave but he refused. Brown left the room after Jackson said she was going to call the police.

Later that morning Jackson went to the store. When she returned, she sat on the front porch to make a phone call. Jackson heard Brown "run down the steps" inside the house. Brown went outside and head-butted Jackson, then "snatched" her phone. Brown reentered the house, and Jackson followed him. When Jackson got inside, Brown tried to pull her into the bedroom. He grabbed Jackson's arms, causing multiple bruises, and threatened to kill her. Jackson stated that Brown's demeanor was like "Cujo, the dog" and he was "foaming at the mouth" and "his eyes were bloodshot red."

Another resident of the boarding house, Eugenia Creekmore, overheard a verbal argument between Brown and Jackson from her bedroom on the second floor. Creekmore went to the top of the stairs to investigate the situation. Jackson told Creekmore to call the police because she could not get out of the room.

Moments later, Jackson escaped from Brown's grasp and left the house. Brown immediately ran upstairs and confronted Creekmore. Brown told Creekmore that he would "fuck

---

[2] "Consistent with the standard of review when a criminal appellant challenges the sufficiency of the evidence, we recite the evidence below 'in the "light most favorable" to the Commonwealth, the prevailing party in the trial court.'" *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).

[her] up and burn [the] house up." Creekmore testified that she considered Brown's statements "threats" and that his comments concerned her. According to Creekmore, Brown was "breathing hard" and in "[a] rage." Creekmore retreated into her room to call the police. She heard Brown "hollering" outside of her door while she was on the phone. Creekmore told police that they should hurry because Brown was threatening to burn down the house and hurt her and Jackson. Given this threat, police rushed to the scene.

Brown barricaded himself in Jackson's room before the police arrived. He was "screaming and banging on the windows" and "extremely agitated." Eventually officers apprehended and arrested Brown.

During direct examination at Brown's trial, the Commonwealth asked Creekmore if she took seriously Brown's threat to burn down the house. Creekmore responded she "was skeptical," because Brown had stated that he would burn down a different house in the past. But Creekmore also said Brown's statement caused her concern.

On cross-examination, defense counsel questioned Creekmore if she had been skeptical of Brown's intention to burn down the house. Creekmore replied she "didn't know what to expect" and that she "took [it] serious."

Brown presented no evidence. The court convicted Brown of threatening to burn down a building in violation of Code § 18.2-83. This appeal followed.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a

reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)).

On appeal, Brown argues that the evidence was insufficient to prove that "Creekmore reasonably believed he was actually expressing an intent to burn the residence." He contends that Creekmore's testimony that she was "skeptical" about the legitimacy of the threat, as well as her response on cross-examination that Brown was "just mad," indicates that Creekmore did not reasonably believe that Brown intended to burn down the house.

Under Code § 18.2-83(A), "[a]ny person . . . who makes and communicates to another by any means any threat to bomb, burn, destroy or in any manner damage any place of assembly, building or other structure . . . is guilty of a Class 5 felony." "A conviction under Code § 18.2-83 requires proof both that the communication included a threat made by the defendant and that he acted with the necessary intent." *Drexel v. Commonwealth*, 80 Va. App. 720, 734 (2024).

"[A] threat is 'a communication avowing an intent to injure another's person or property'" that "'reasonably cause[s] the receiver to believe that the speaker will act according to his expression of intent.'" *Id.* at 735 (first alteration in original) (quoting *Howard v. Commonwealth*, 74 Va. App. 739, 756 (2022)). "The standard is objective, turning on what a reasonable listener would believe." *Id.* at 748. "The expression of intended violence must 'convey a real possibility that violence will follow,' as opposed to a jest or hyperbole." *Id.* (quoting *Counterman v. Colorado*, 600 U.S. 66, 74 (2023)).

- 4 -

Here, the evidence showed that Brown was "breathing hard" and enraged when he told Creekmore he would "burn [the] house up." Brown also told Creekmore that "I'm going to fuck you up." Just before Brown's threat to burn down the house, he surreptitiously re-entered the boarding house, attacked Jackson, and dragged her into a room; Jackson testified that she feared for her life. Jackson testified that Brown's behavior was like "Cujo, the dog" because he was "foaming at the mouth" and had "bloodshot red" eyes. Creekmore explained that she was concerned and worried by Brown's statements, which she considered threats. She was concerned enough to convey the threats to the police who ultimately sent a crisis intervention unit and a SWAT team to defuse the situation.

Based on this evidence, the trial court was not plainly wrong or without evidence in finding that Brown made a threat in violation of Code § 18.2-83. *See McGowan*, 72 Va. App. at 521 (providing "[i]f there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial'" (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018))). This Court's analysis turns on whether a "reasonable listener would believe" that Brown would burn down the house and is not limited to whether Creekmore subjectively believed it.[3] *See Drexel*, 80 Va. App. at 748 (applying objective standard). Regardless, here, Creekmore testified that she was worried when Brown made the threat, and she took it seriously.

We reject Brown's attempt to isolate certain statements by Creekmore to suggest she did not actually believe Brown's threat; this approach is inconsistent with the appropriate standard of appellate review. *See Commonwealth v. Cady*, 300 Va. 325, 329 (2021) (explaining that in a sufficiency analysis, the appellate court must "discard the evidence of the accused in conflict

_____

[3] Brown does not raise a constitutional argument. *See Drexel*, 80 Va. App. at 736 (addressing appellant's argument that his conviction under Code § 18.2-83 violates his free speech constitutional protections).

- 5 -

with that of the Commonwealth" (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)));

*see also Commonwealth v. Barney*, 302 Va. 84, 97 (2023) ("eschew[ing] the divide-and-conquer

approach [in a sufficiency analysis], which examines each incriminating fact in isolation, finds it

singularly insufficient, and then concludes that the sum of these facts can never be sufficient").

Based on the totality of the evidence, a factfinder could conclude that Brown's statements

and conduct "reasonably conveyed a serious intent and would cause a listener 'to believe that' he

would act on that intent." *Drexel*, 80 Va. App. at 749 (citing *Howard*, 74 Va. App. at 756).

Thus, the evidence was sufficient to prove beyond a reasonable doubt that Brown was guilty of

violating Code § 18.2-83(A).

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*