COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Raphael and Bernhard
Argued at Arlington, Virginia


KYLE WAYNE THACKER

v.      Record No. 0570-25-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE STUART A. RAPHAEL
MARCH 17, 2026


FROM THE CIRCUIT COURT OF CULPEPER COUNTY
Dale B. Durrer, Judge

Collin Chayce Crookenden (James R. Herring; Vanderpool, Frostick
& Nishanian, P.C.; Herring Law Firm, PLLC, on briefs), for
appellant.

Ken J. Baldassari, Assistant Attorney General (Jason S. Miyares,[1]
Attorney General, on brief), for appellee.


Following a bench trial, the trial court convicted Kyle Wayne Thacker of four counts of

reproducing child pornography in violation of Code § 18.2-374.1:1(C). Thacker challenges the

sufficiency of the evidence, arguing that the Commonwealth failed to prove that he was the

person who recorded the child pornography found on his cellphone. Finding no error, we affirm.

BACKGROUND

We recite the facts in the light most favorable to the Commonwealth, the party that

prevailed at trial. *Camann v. Commonwealth*, 79 Va. App. 427, 431 (2024) (en banc). "Doing

so requires that we 'discard' the defendant's evidence when it conflicts with the

Commonwealth's evidence, 'regard as true all the credible evidence favorable to the

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

Commonwealth,' and read 'all fair inferences' in the Commonwealth's favor." *Id.* (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).

In November 2023, Detective Dana Dodson executed a search warrant at Thacker's residence, a "travel trailer camper" that he shared with his twin brother. The camper had two sofa beds and a set of bunk beds. On the bottom bunk, Dodson found a backpack containing eight cellphones and Thacker's birth certificate. Dodson seized all eight cellphones, taking them to the Culpeper County Sheriff's Office. From there, the cellphones were transferred to the Virginia State Police.

Special Agent David Cook of the Virginia State Police successfully performed extractions on two of the eight cellphones.[2] Of the two extractions, only one, "Item 9," yielded a "full extraction" that could be analyzed. Cook observed "multiple files" containing "child exploitation material." He then made a copy of Item 9's phone-extraction data and provided it to Dodson for further investigation.

Dodson reviewed the extraction report. The report showed "several" social media accounts, many of them tied to Thacker. A text message—sent by the number associated with the cellphone—said, "Hey, Tony, it's Kyle." Dodson uncovered 41,974 "still images or photos" and 3,718 videos stored on the phone. Among the videos were two "screen recordings" created on February 8, 2020. One recording was 22 minutes in length, the other 12 minutes. Both videos captured what the user would have seen on the phone's screen.

Dodson testified that in both videos, the user opened separate internet tabs and "zoomed in . . . on the identifiable minor's genitals, buttocks, breasts." The user repeated that process for "over one hundred and fifty separate internet tabs." Cook explained that by screen-recording the

---

[2] The court qualified Cook as an expert in cellphone extraction and cellphone technology.

images and videos from the internet tabs, the phone's user created "an entirely separate file" with new metadata.

The cellphone extraction report showed 16 "total events" from February 8, including "several" additional screenshots of child pornography, "drop box events, . . . and several Facebook Messenger electronic communications." Dodson testified that she did not have "the email link to the drop box account," but she confirmed that the Facebook Messenger communications were received by an account bearing the name "Kyle Thacker." Dodson estimated that the February 8 screen recordings contained more than 310 "explicit images of children" between the ages of "two to ten."

Both screen recordings were entered into evidence. Over Thacker's objection, the court also admitted an audio recording of a jail call between Thacker and his mother. In the recorded call, Thacker became defensive when his mother mentioned another instance of Thacker's having child pornography on an electronic device, telling her to "shut the fuck up." Referring to the phone on which the police had found the child pornography, Thacker said, "I didn't realize I still had the motherfucker." Thacker expressed hope that "[i]f I can prove that they confiscated all this illegally, it's all dropped. They can't do a fucking thing." He again chastised his mother, "you don't fucking say this over the fucking phone while I'm in jail for the same fucking thing."

The Commonwealth rested. After the court denied Thacker's motion to strike, Thacker called his mother to testify in his case-in-chief. Thacker did not move to strike at the close of all evidence.

During closing argument, Thacker conceded that the cellphone identified as "Item 9" belonged to him. But he argued that the Commonwealth had failed to prove beyond a reasonable doubt that he downloaded the child pornography onto the phone because "other people who he knew, who resided with him, had access to that phone."

The trial court found Thacker guilty of one count of reproduction of child pornography and three counts of reproduction of child pornography, second or subsequent offense. The trial court noted that Dodson and Cook were both "entirely credible" witnesses, allowing the court to "discard" or "discount" anything in conflict with their testimony. The court also cited Thacker's admissions in the jail call with his mother. At his sentencing hearing, Thacker received an active sentence of 15 years' incarceration (65 years with 50 years suspended).[3] He now appeals.

ANALYSIS

Thacker argues that the evidence was insufficient to prove that he was the person who downloaded child pornography to his cellphone. Acknowledging that he failed to renew his motion to strike at the close of all evidence, Thacker argues that we should consider his challenge to the sufficiency of the evidence under the ends-of-justice exception in Rule 5A:18. But in the bench trial below, Thacker adequately preserved this issue in his closing argument. *See Simms v. Alexandria Dep't of Cmty. & Hum. Servs.*, 74 Va. App. 447, 470 n.20 (2022) (stating that counsel "may meet the mandates of Rule 5A:18 in many ways" including "*in closing argument*" (quoting *Moncrief v. Div. of Child Support Enf't ex rel. Joyner*, 60 Va. App. 721, 729 (2012))).

When the sufficiency of the evidence is challenged on appeal, "the judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). This Court "does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Ele v. Commonwealth*, 70 Va. App. 543, 548

---

[3] On the reproduction of child pornography charge (CR24000080-01), the court sentenced Thacker to five years' incarceration, all suspended. For each of the three counts of reproduction of child pornography, second or subsequent offense (CR24000080-02, -03, and -04), the court sentenced Thacker to 20 years' incarceration, with 15 years suspended. It ordered the remaining five-year active sentences to run consecutively.

(2019) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Williams*, 278 Va. at 193).

Thacker was convicted of four counts of reproducing child pornography in violation of Code § 18.2-374.1:1(C). "[A]ny person who 'reproduces by any means, including by computer, sells, gives away, distributes, [or] electronically transmits' child pornography shall be guilty of violating" the statute. *Kelley v. Commonwealth*, 289 Va. 463, 468 (2015) (second alteration in original) (quoting Code § 18.2-374.1:1(C)(i)).

We reject Thacker's argument that the Commonwealth failed to prove that he was the person who recorded the child pornography on his cellphone.[4] For one thing, Thacker conceded below that the phone belonged to him. For another, the phone was logged into Thacker's Facebook Messenger account on February 8, the same date that the screen recordings were created. Those screen recordings became separate files with their own unique metadata, thereby showing that the images were reproduced.[5] The screen recordings did not result from passive storage or automatic downloading. Rather, the recordings reflect that the user opened internet

---

[4] The Commonwealth argues separately that Thacker defaulted this assignment of error in his opening brief by claiming that the evidence did not suffice to convict him of *production* of child pornography in violation of Code § 18.2-374.1. To be sure, production of child pornography under that statute is a separate offense from reproduction of child pornography under Code § 18.2-374.1:1. But since Thacker cited the correct statute on brief and argued that the evidence was insufficient to show that he was the person who downloaded child pornography to his phone, his misstep in referring to *production* rather than *reproduction* of child pornography is not significant enough to warrant bad-brief waiver. *See generally Church Mut. Ins. Co. v. Ephesus Richmond Seventh-Day Adventist Church*, 84 Va. App. 371, 380 (2025).

[5] *See also Slavek v. Commonwealth*, No. 2452-00-1, slip op. at 10, 2001 Va. App. LEXIS 553, at *12 (Oct. 9, 2001) (rejecting Slavek's argument that the "printing of a pornographic image from a computer screen" did not constitute "reproduction" under Code § 18.2-374.1(B)(3), which governed reproduction at the time). This Court may consider "unpublished [cases] as 'informative[,]' though not 'binding.'" *Johnson v. Commonwealth*, 85 Va. App. 257, 278 n.9 (2025) (citing Rule 5A:1(f)).

websites and repeatedly accessed explicit images across more than 150 separate tabs. The creation of those recordings required affirmative and sustained interaction with the device. The trial court could reasonably infer that Thacker was the person who both exercised authenticated control over Thacker's personal account and used the same phone to screen-record images of child pornography.

The evidence further supported the trial court's finding that Thacker's statements to his mother during the jail call demonstrated "his knowledge of what was on the phone." In addition to reflecting knowledge, Thacker's statements permitted the factfinder to infer consciousness of his own prior misconduct. His remark, "I didn't realize I still had the motherfucker," in reference to the phone containing the child pornography, supports the inference that he had previously used the device for the illicit activity charged. Likewise, his admission that he was "in jail for the same . . . thing" allowed the trial court to infer consciousness of guilt of the crime for which Thacker was charged.

"As an appellate court, 'it is our duty to look to that evidence which tends to support the verdict,' when the sufficiency of the evidence is challenged on appeal." *Ervin v. Commonwealth*, 57 Va. App. 495, 505 (2011) (en banc) (quoting *Snyder v. Commonwealth*, 202 Va. 1009, 1016 (1961)). "While no single piece of [circumstantial] evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" *Maust v. Commonwealth*, 77 Va. App. 687, 706 n.7 (2023) (en banc) (alteration in original) (quoting *Ervin*, 57 Va. App. at 505). "[T]he accumulation of various facts and inferences, each mounting upon the others, may indeed provide sufficient evidence beyond a reasonable doubt" to support the conviction. *Ervin*, 57 Va. App. at 505.

That is true here. Based on the totality of the evidence at trial, including Thacker's admissions in the jail call with his mother, the evidence sufficed for a reasonable trier of fact to exclude Thacker's hypothesis that someone other than Thacker recorded and thereby reproduced the child pornography that was found on his cellphone.

CONCLUSION

Because the record supports the trial court's judgment, we will not disturb Thacker's convictions.

*Affirmed.*